JAMES MURPHY, as Administrator, etc., Appellant, *v.* THE CITY OF BROOKLYN, Respondent.

This action was brought to recover damages for the death of M., plaintiff's intestate, a boy six years old, who was found drowned in a hole along side a sewer constructed by defendant through private property and that of the state with the consent of the owner.   It appeared that the sewer emptied into a bay; at high tide the sewage was driven back up the sewer, causing the cavity in question; this was about fifty feet from one of defendant's streets, along which, forming the boundary of the adjoining premises, was an embankment faced by a wall, and on top of this a fence or railing of posts and cross-bars ; at a point where it was supposed the intestate went upon the premises the cross-bar was down and the wall had given away.   People going to the bay had occasionally crossed there, and the ground for ten or twelve feet from the fence had the appearance of a path.   It did not appear that any objection had been made by any person to the construction and maintenance of the sewer.   *Held,* that no violation of any duty which the defendant owed to decedent had been shown, and so it was not liable; that as to him the construction of the sewer was not wrongful or its maintenance a nuisance; that defendant owed to him no duty of care to protect him while upon the premises, or to guard the hole, as it was not so close to the street as to make the latter unsafe.

*It seems* the owner of the premises could not have been charged with negligence in permitting the hole to remain.

*Beck* v. *Carter* (68 N. Y. 283), distinguished.

(Argued January 28, 1890 ; decided February 25, 1890.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order affirming a judgment of said court entered upon the dismissal of the complaint.

This action was brought to recover damages for the death of John Murphy, plaintiff's intestate, alleged to have been caused by defendant's negligence.

About 1869 there was built a sewer through Third avenue in the city of Brooklyn as far as Twenty-eight street; thence at a right angle and in a northerly direction into Gowanus bay. From Third avenue into the bay the sewer did not run through or along a street, but through private premises until it reached the lands under water belonging to the state, thence through it to the end. This branch was constructed of heavy planks trunked in. In July, 1882, plaintiff's intestate, a boy nearly six years old, was found drowned in a hole situate along side of the sewer. It was about three feet across and the same number of feet in depth. The case contains evidence tending to show that at high tide the sewage was driven back up the sewer, and because of the pressure forced out of the trunk, thereby creating this and other cavities, which were at times filled with water and covered with an opaque substance. The hole in question was on private lands, about fifty or sixty feet from the street. Along this street and forming the boundary of the premises was an embankment faced with a wall, upon which was erected a guard or fence consisting of two uprights from three to four feet apart connected with two cross-bars. At the point where the intestate is supposed to have gone upon the premises one of the cross-bars was down, and the wall facing the embankment had given away somewhat. For ten or twelve feet in the direction of the hole where the boy was found the ground had the appearance of a path, [and it appeared that some people had occasionally crossed these premises on their way to the shore of the bay.

*Jesse Johnson* for appellant. It was not necessary to prove that the boy was not negligent in getting into this hole. (*Galvin* v. *Mayor, etc.*, 112 N. Y. 226.) The dangerous character of the hole was very clearly made out. (*Beck* v. *Carter*, 68 N. Y. 283; *Larmore* v. *C. P. I. Co.*, 101 id. 391, 394, 395; *Jewhurst* v. *City of Syracuse*, 108 id. 306, 307; *Morris* v. *Brown*, 111 id. 328; *Bond* v. *Smith*, 113 id. 383.) Defendant's liability is fixed by the rule in relation to nuisances. (*Congreve* v. *Smith*, 18 N. Y. 79.)

*Almet F. Jenks* for respondent. No connection is shown between the continuation and maintenance of the sewer and the death of the intestate. (*Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 330.) There is no proof of due care on the part of the intestate, or of any facts which pointed to it. (*Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 66; *Wilds* v. *H. R. R. R. Co.* 24 id. 430; *Davis* v. *R. R. Co.*, 47 id. 400; *Reynolds* v. *R. R. Co.*, 58 id. 248; *Wendell* v. *R. R. Co.*, 91 id. 420; *Hart* v. *H. R. B. Co.*, 84 id. 62; *Riceman* v. *Havemeyer*, 84 id. 647; *Bond* v. *Smith*, 113 id. 378; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 330; *Dubois* v. *Kingston*, 102 id. 219.) There was no liability on the part of the city in any event. (*McAlpin* v. *Powell*, 70 N. Y. 126; *Hargreaves* v. *Deacon*, 25 Mich. 1; *Stone* v. *Jackson*, 32 L. & Eq. 349; *Larmore* v. *C. P. I. Co.*, 101 N. Y. 391; *Blyth* v. *Topham*, Cro. Jac., 158; *Bush* v. *Brainard*, 1 Cow. 78; *Howland* v. *Vincent*, 10 Met. 373; *Hounsell* v. *Smith*, 7 C. B. [N. S.] 731; *Buiks* v. *South Yorksh.*, 3 B. & S. 244; *Hardcastle* v. *South Yorksh.*, 4 H. & N. 67; *Gramlich* v. *Wurst*, 86 Penn. St. 74; *Comm.* v. *Wilmington*, 105 Mass. 599; *Adams* v. *Natick*, 13 Allen, 429; *Murphy* v. *Gloucester*, 105 Mass. 470; *Puffer* v. *Orange*, 122 id. 389; *Chapman* v. *Cook*, 10 R. I. 304; *Green* v. *Bridge Creek*, 38 Wis. 449; *Morgan* v. *Hallowell*, 57 Me. 375.)

PARKER, J. There is no injury, in a legal sense, which can give a right of action unless it is occasioned by a violation of some duty owing to the injured.

The plaintiff claims that the defendant must be chargeable with having violated its duty to his intestate and the public upon one of two grounds:

First. Because it had constructed and was maintaining a nuisance. Second. That it was negligent in permitting the hole to remain.

From Third avenue out into the bay the sewer ran through either private property or that of the state.

It does not appear but that it was constructed with the consent of both the individual owner and the state.

No objection is shown to have been made by any person, either to its location, building or maintenance.

Its construction, therefore, was not wrongful as to the intestate. It did not encroach upon his property or personal rights. As to him, therefore, it was not a nuisance. (98 N. Y. 642.) Was defendant negligent in permitting the creation and continuance of the hole in which the intestate is supposed to have lost his life? That involves this legal question: Did the defendant's duty require the exercise of any care to protect him while upon these premises?

The defendant municipality is burdened with the obligation to keep the streets and highways within its limits in a safe condition for public travel. If it neglect its duty in such respect, thereby is created a liability to make good all damages sustained because of it.

The duty of keeping the street in repair has long been held to include the erection of a guard when, because of embankment or from other circumstances, the roadway is rendered dangerous.

But outside of the boundaries of the street, and upon private lands, its relations to the public are governed and controlled by the same principles as are applied to individuals or domestic corporations, and none other.

It has been held that where an owner makes an excavation upon his own land, but so near to the highway as to render travel thereon dangerous, and fails to guard it, he is chargeable with the damages sustained by one who is free from fault. (*Beck* v. *Carter*, 68 N. Y. 283.) It may be that in such a case a municipality having notice of the continuance of the excavation would be liable because of a failure to erect a guard at the boundary of the street so as to make the roadway safe.

As a general rule, however, the owner has a right to make such use of his land as he pleases, and in the absence of special circumstances of which *Beck* v. *Carter* (*supra*) furnishes an illustration, the owner is not liable for injuries sustained by one who goes upon his land even though permission to cross the premises be given. In such case the licensee takes the

risk of accidents resulting from the use of the premises in the condition in which he finds them.

There is an exception to this general rule. Where the owner expressly or by implication invites an individual or the public to come upon his land, he is liable to respond in damages to one who accepting the invitation is injured by pit-falls or snares maintained upon the premises.

Now it could not be seriously contended that had the owner been in the sole possession and occupation of the lands in question, and had permitted to exist or by his own act had created the hole in question, that he would have been chargeable in damages because of the death of the plaintiff's intestate who unbidden came upon his lands. Liability could not be predicated upon the rule laid down in *Beck* v. *Carter (supra)*, and kindred cases, because the hole or excavation was neither adjacent to the highway, nor so close as to make the highway unsafe or dangerous. On the contrary, it was from fifty to sixty feet therefrom and separated by an embankment faced with a wall and surmounted by a fence. Neither is it pretended that the owner had expressly or by implication invited the intestate or the public to go upon his premises. True, the evidence tends to show that one of the cross-bars was down at the place where plaintiff's intestate entered upon the lands in question, and that for some ten or twelve feet, in the direction of the hole, which was from fifty to sixty feet away, there appeared to be a trail or path indicating that others had been accustomed to walk over it. And if we assume that divers persons had been accustomed to go upon the land and cross over it to the shores of the bay without objection, that fact did not devolve upon the owner the duty of protecting such trespassers, or, at most, licensees from injury. Clearly the owner would not be chargeable with negligence in permitting the hole complained of to remain.

That which it was lawful for him to do upon his own lands he could permit another to do. It matters not whether that other be an individual or a municipal corporation. The owner under the circumstances proven owed no duty to the public in

respect to this hole. No more did the occupant who created it with the consent of the owner.

The defendant is not, therefore, chargeable with negligence in permitting its continuance.

This conclusion is in accord with the views expressed by Judge EARL on a prior review. (98 N. Y. 642.)

The judgment should be affirmed.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.