WILLIAM H. CHARLEBOIS, ADMINISTRATOR, v. THE GOGEBIC & MONTREAL RIVER RAILROAD COMPANY.

*Negligence—Railroad companies—Construction of road-bed—Independent contractor—Pleading—Damages.*

1. In a suit by an administrator to recover damages for the negligent killing of the decedent, under How. Stat. § 8314, the plaintiff must allege and prove that some person has suffered some pecuniary injury by such death; citing *Hurst v. Railway Co.,* 84 Mich. 539.

2. Defendant, in building its road on its right of way near plaint-
iff's house, raised an embankment 18 feet high, in order to
cross another railroad at grade, thus leaving the house in an
angle formed by the two embankments. A pond of water was
formed, by reason of a heavy rain-storm, in another angle
formed by the embankments, opposite the house, and a day or
two afterwards plaintiff's 8-year-old boy climbed over defend-
ant's embankment, fell into the water, and was drowned.
The pool was not guarded in any way, and no means were
provided to carry off the water if thus suddenly accumulated.
An independent contractor was in possession of the work at
the time of the accident, his contract not being compl-ted.
And it is held that the defendant was not guilty of negligence.

Error to Gogebic. (Williams, J.) Argued March 11,
1892. Decided March 18, 1892.

Negligence case. Plaintiff brings error. Affirmed.
The facts are stated in the opinion.

*Button & Norris,* for appellant.

*M. M. Riley* (*Howard Morris,* of counsel), for defend-
ant.

LONG, J. This action is brought by the plaintiff as
administrator, to recover damages for the death of his
son, a child eight years of age. On the trial of the case
the court below directed a verdict in favor of the defend-
ant company.

It appeared upon the trial that the plaintiff and his
family, consisting of his wife and two children, lived in
a house situate upon land owned by the Anvil Iron
Mining Company, for which company he was working.
In April, 1887, the Milwaukee, Lake Shore & Western
Railway Company built a spur track from Bessemer to
the Anvil mine. This road passed by plaintiff's house,
and within about 30 feet of it, by means of an embank-
ment about 18 feet in height. Some time in July follow-
ing the defendant company started its road across the

former road, and on the same level, by an embankment or fill of the same height, leaving the plaintiff's house to the south and east of these two embankments. To the south and west of these two embankments the natural slope of the ground was towards the embankments. The defendant's road-bed was built to the height of 18 feet a day or two before July 15, 1887. On July 14 a heavy rain-storm took place, and the waters from the higher grounds above, and the embankments, formed a pond at the junction of these two embankments, between 5 and six feet in depth, extending back 60 or 70 feet. On the 15th day of July, about 11 o'clock in the forenoon, the plaintiff's son, Joseph Harry, aged eight years, left his father's house, climed over the embankment, and in some manner unknown got into the pond and was drowned.

The claim upon the part of the plaintiff is that he had been accustomed to go from his house to his place of business at the Anvil mine by a by-path and wagon road, which had been cut off by the building of this embankment by the defendant company. The charge of negligence in the declaration is that, the defendant company having constructed the embankment so as to obstruct or cut off such road, it was its duty to furnish to the public the means of crossing the embankment, and to place proper safeguards at and around said point of intersection with the other road, to prevent the public and any one traveling that way from receiving injury by such embankment, or by the pool of water collected there; that it was the duty of the defendant also to have constructed proper and sufficient drains, ditches, and culverts to carry off the water, and to prevent the formation of a pool by such intersection; that it was its duty also to build fences on each side of such embank--

ment; but that it failed in its duty in these respects, and negligently omitted to place proper safeguards around such pool.

We think the court properly directed the verdict in favor of the defendant company, for the reasons:

1. That it appears that the embankment was properly constructed, under a contract, by independent contractors, who had charge of the whole matter, and who were yet in possession, their contract not having been fully completed.

2. That, conceding all that the plaintiff claims, it cannot be said that it was negligence upon the part of the defendant to construct the embankment in the manner it did, even though it did not provide means to let the water off, or provide guards around the pool which might be formed after a rain-fall. The embankment was upon its own right of way, as was also the pool where the boy was drowned; and it is not shown that the plaintiff or his family had a right of way there which the defendant company appropriated; and it could not have been foreseen, when the embankment was made, that, immediately after a rain-storm and the formation of a pool, the deceased would climb over the embankment onto the defendant company's right of way, and fall into this pool. The pool was entirely cut off from any approach to it from plaintiff's house by these high embankments. It is not like the case of one who digs a pit near a public highway, on his own land, who is made liable to a person lawfully traveling along the highway, and who, by reason of darkness, steps out of it, and accidentally falls into the pit, which has been left unguarded.

3. That the declaration fails to show that the plaintiff sustained any damage whatever. The only allegation in the declaration as to the damage is as follows :

"To the damage of the said plaintiff, as such administrator, as aforesaid, of $10,000, and therefore he brings suit."

The case falls directly within the ruling of this Court in *Hurst* v. *Railway Co.*, 84 Mich. 539, in which it was held that the administrator must show that some person has suffered some pecuniary injury by the death; that the statute does not imply that damages and pecuniary loss necessarily flow from the negligent killing. It is a matter to be made to appear by the proper allegation in the declaration and proof of the fact.

The judgment must be affirmed, with costs.

The other Justices concurred.