THE CITY OF KANSAS CITY V. EDWARD SIESE *et al.*

No. 14,063.   (80 Pac. 626.)

SYLLABUS BY THE COURT.

1. DAMAGES—*Parent and Child—Action for Death.*   In an action by a parent to recover for the death of his son an allegation that the son was a strong, healthy boy, and capable of earning three dollars per week, and that by reason of his death the plaintiff had been damaged in the sum of $10,000, is sufficient to sustain a verdict.

2. ——— *Case Followed.*   The facts of the case stated, and the case of *Price v. Water Co.*, 58 Kan. 551, 50 Pac. 450, 62 Am. St. Rep. 625, followed as to the right of recovery thereunder.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed April 8, 1905. Affirmed.

*J. W. Dana,* for plaintiff in error.

*Getty, Hutchings & Dean,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: Defendants in error recovered from the city because of the drowning of their son. He was a bright, capable boy, twelve years old, residing with his parents in Kansas City, Mo. Without the knowledge of his mother as to his destination he received her consent to be away from home for a few hours, and in company with some companions about his own age, and under their guidance, he went over to Kansas City, Kan., for the purpose of going in bathing in a pond of water. This pond had been created by reason of the city's bringing a street across a deep ravine up to grade. On the upper side of this embankment, or fill, water had accumulated, and the pond in question had formed, having been there some ten or twelve years. It was from thirteen to twenty feet deep in some places, being comparatively shallow

some little distance out from the shore and then dipping abruptly into the deeper portion, the bottom being of slippery clay. About 1896 a sewer made of tile had been placed in an alley which crossed this pond. This sewer was constructed over the surface of the water by driving a series of piles through the pond, upon which a trough holding the pipe in place was constructed. This pond was situated in a thickly settled residence portion of the city, and was, and had been for a long time, resorted to by the boys of the city for the purpose of swimming and fishing. The structure used for the carrying of the sewer-pipe was an attractive and easily utilized means of enabling them to get out to the deeper portions of the pond, and they did so use it. Young Siese was unacquainted with the character of this pond, this being the first time that he visited it. His companions were able to swim, but he was not. Arriving at the place they all went in bathing. The Siese boy was warned not to go out too far; that the water was deep, and if he should go too far out he would get drowned. After some little time spent by the boys, those who could swim jumping from the sewer into the deeper portions, and young Siese into the shallower places, the other boys came out to dress. Upon looking around for him they saw him struggling in the deeper water, and as they were unable to afford him help he was there drowned. Whether he jumped from the sewer into the deep water, or whether, playing in the shallow water, he got too near the precipitous and slippery edge of the deeper water and was thereby plunged into it, is not known.

But two questions are presented here. These arise upon a demurrer to the petition, objection to the introduction of evidence, and demurrer to the evidence. The first is that there was no sufficient allegation of

Kansas City v. Siese.

damage to support a verdict found in the petition. Upon this point the second amended petition says:

"That Eugene Siese was a strong, healthy boy and was capable of earning three dollars per week; that by reason of the death of their said son aforesaid plaintiffs have been damaged in the sum of $10,000."

The contention is that in the absence of a statement that the boy lived with his parents, or that he in any manner contributed to their support, or that there was any reasonable likelihood that he would in the future at any time contribute anything to them, the mere allegation that he was able to earn three dollars per week at the time of his death was not an allegation of any damage. It must be admitted that this allegation was very meager, but in the absence of any motion to make more definite and certain it was sufficient to authorize recovery. Parents have a legal right to the services of their minor children. That a son is capable of earning a given amount is in a way an allegation that his services are worth to the parents that sum, and that to be deprived of those services is an injury to them.

. The other question is one going to the right under the facts of the case to the recovery of any amount whatever. The city's contention is that the facts of this case do not bring it within the doctrine of the so-called turntable cases, and it endeavors to make a distinction between the question of knowledge of the danger, and judgment as to the result of the exposure to danger; that inasmuch as in this case the boy was of sufficient maturity to know the danger into which he ventured, and had been advised of that danger and warned to shun it, he must be held responsible for the fatal results.

We are unable to discern the essential difference between the facts of this case and those of the case of *Price v. Water Co.,* 58 Kan. 551, 50 Pac. 450, 62 Am. St. Rep. 625, where the principle of the turntable

cases, as developed in the argument of the court, is applied to cases of this character. We think this case must be ruled by that one, and no good purpose would be subserved in amplifying the reasons therefor there found. (See, also, *City of Pekin v. McMahon*, 154 Ill. 141, 39 N. E. 484, 27 L. R. A. 206, 45 Am. St. Rep. 114; *Power Co. v. Healy*, 65 Kan. 798, 70 Pac. 884.)

The judgment of the court of common pleas is affirmed.

JOHNSTON, C. J., WILLIAM R. SMITH, GREENE, BURCH, MASON, CLARK A. SMITH, JJ., concurring.

CUNNINGHAM, J. (dissenting) : I dissent from the conclusion arrived at by the court as above indicated; not that the Price case is not in its essential features like this, or that the principles there laid down, if followed, will not govern this, but in my judgment the Price case carries the principle of the turntable cases far beyond the danger limit. If in the future the principles there announced be followed, we shall adjudge the owner of an apple tree, from which an adventuresome boy may fall and sustain injury in his effort to reach a big, red apple attractively displayed on its branches, guilty of maintaining an attractive nuisance, and answerable therefor in damages; or one who, for the purpose of affording water for his stock or to run his mill, shall maintain a pond guilty to the same extent. The claim that cases like the one at bar are governed by the principle of the turntable cases is, to my mind, against reason and the weight of authority. (*Richards v. Connell*, 45 Neb. 467, 63 N. W. 915; *Peters v. Bowman*, 115 Cal. 345, 47 Pac. 113, 598, 56 Am. St. Rep. 106; *Cooper v. Overton*, 102 Tenn. 211, 52 S. W. 183, 45 L. R. A. 591, 73 Am. St. Rep. 864; *City of Omaha v. Bowman*, 52 Neb. 293, 72 N. W. 316, 40 L. R. A. 53, 66 Am. St. Rep. 506; *Klix, Adm'r, etc., v. Nieman*, 68 Wis. 273, 32 N. W. 223, 60 Am. Rep. 854; *Moran v. Pullman Palace Car Co.,*

134 Mo. 641, 36 S. W. 659, 33 L. R. A. 755, 56 Am. St. Rep. 543; *Overholt v. Vieths,* 93 Mo. 422, 6 S. W. 74, 3 Am. St. Rep. 557; *Witte v. Stifel,* 126 Mo. 295, 28 S. W. 891, 47 Am. St. Rep. 668; *Ratte v. Dawson,* 50 Minn. 450, 52 N. W. 965; *Charlebois v. Railroad Co.,* 91 Mich. 59, 51 N. W. 812; *Benson v. Baltimore Traction Company,* 77 Md. 535, 26 Atl. 973, 20 L. R. A. 714, 39 Am. St. Rep. 436; *Murphy v. City of Brooklyn,* 118 N. Y. 575, 23 N. E. 887; *Dehanitz v. City of St. Paul,* 73 Minn. 385, 76 N. W. 48.)