ERNEST ISBELL v. HAYWARD LUMBER COMPANY.

Decided November 1, 1907.

**Personal Injuries—Minor—Trespasser—Warning.**

In a suit against a sawmill company for personal injuries to a child five years of age who had frequently been warned of the danger of playing around the machinery and driven from the premises, evidence considered, and held to

show no negligence on the part of the defendant, and to justify a peremptory instruction. The defendant did not owe the duty of guarding its premises and machinery against trespassers even though they were children of very immature discretion.

Appeal from the District Court of Nacogdoches County. Tried below before Hon. James I. Perkins.

*A. T. Russell* and *Mims & Strong,* for appellant.—One engaged in the operation of dangerous machinery, which because of its construction, operation or that of the premises in which it is located is attractive to children, and to which children are attracted and frequent with the knowledge and permission of such person, his agents or employees, for the purpose of playing thereat and therein, is liable for damages to a child who is injured by such machinery while playing around, among or upon the same, and who is present thereat with the knowledge and permission or upon the invitation of such person, his agent or employee in charge of such machinery or . premises. North Texas Construction Co. v. Bostick, 98 Texas, 239; Missouri, K. & T. Ry. Co. v. Rodgers, 89 Texas, 675; Dublin Cotton Oil Co. v. Jarrard, 40 S. W. Rep., 531; Denison & Sherman Ry. Co. v. Carter, 9 Texas Ct. Rep., 472.

One rightfully upon the premises of another is entitled to the same degree of care from such owner that he be not injured as if he were there upon the invitation of the owner. Texas & P. Ry. Co. v. Best, 66 Texas, 116.

Negligence of the parent will not be imputed to the child, unless the parent is personally present and directing or controlling the acts of the child. Galveston, H. & H. Ry. Co. v. Moore, 59 Texas, 64; Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Texas, 356.

A child five years of age is not guilty of negligence contributing to his injury received while playing upon or near dangerous machinery while the same is in operation; and the owner of such machinery is liable to such child for injuries received by it from such machinery where such owner or his· employees were present and in a position to see and know of the danger to such child, and failed to warn it of its danger, or to remove it from such premises. Ollis v. H. E. & W. T. Ry. Co., 73 S. W. Rep., 30; North Texas Construction Co. v. Bostick, 98 Texas, 239; Dublin Cotton Oil Co. v. Jarrard, 40 S. W. Rep., 532.

*Ingraham, Middlebrook & Hodges,* for appellee.—In support of the judgment cited: Dobbin v. M., K. & T. Ry. Co., 91 Texas, 60; Missouri, K. & T. Ry. Co. v. Dobbins, 40 S. W. Rep., 861 to 866; San Antonio & A. P. Ry. Co. v. Morgan, 92 Texas, 98; Douglass v. C. T. & N. W. Ry. Co., 90 Texas, 127; Missouri, K. & T. Ry. Co. v. Edwards, 90 Texas, 70; Galveston, H. & S. A. R. R. Co. v. Kieff, 94 Texas, 338; Flores v. A. T. & S. F. Ry. Co., 66 S. W. Rep., 709; Williams v. T. & P. Ry. Co., 60 Texas, 205; Batts on Corporation, sec. 1497, page 513.

McMEANS, Associate Justice.—This suit was instituted by

Ernest Isbell, a minor, by his father and next friend, J. M. Isbell, to recover damages for personal injuries alleged to have been received by the said Ernest Isbell through the negligence of appellee and its agents and employes.

Appellant in his petition alleged, in substance, that the appellee owned and operated a large saw mill and planing plant in and near the city of Nacogdoches and had erected in connection therewith numerous buildings and sheds and had installed therein machinery and appliances for the manufacture of lumber, with chains, belts and pulleys for the handling of the lumber, sawdust and fuel used in connection with the operation of the mill; that among others was a building known as a fuel house, and this was situated about 100 feet from the building in which the saw mill was operated and was connected therewith by a chain or conveyor leading from the saw mill to the upper part of the fuel house, and into that part of same known as the fuel room. This chain or conveyor passed into the fuel room over a pulley, thence back out of the fuel room through a small aperture in the wall some distance lower than where it entered, and was constructed so as to form an endless chain; that the links of the chain were eight inches square and the purpose of its use was to convey sawdust through a wooden trough from the saw mill to the fuel room; that the chain, from the pulley to the place of exit, was uninclosed; that the floor of the fuel room was constructed after the fashion of a hopper, from the bottom of which the sawdust was by an employe of defendant stationed there for that purpose, distributed through openings in the room on to a conveyor that carried the sawdust to the boiler room; that near this last named conveyor was a plank platform extending from near the ground to a point about 15 feet high, which was used by employees of defendant to stand upon in distributing fuel and upon which to enter the fuel room; that the fuel room and the unguarded chain operating therein were dangerous to children who might be at play in said room; that the door to the room was habitually left open and that the room with its machinery, the smooth, inclined floor and the sawdust was calculated to and did attract the attention of children, who, ignorant of danger, would, as a pastime, enter said room and ride upon said chain conveyor, slide down the inclined floor and play upon the sawdust; that plaintiff with other children frequently entered said room and played therein and was allowed and invited by defendant and its employees to do so; that on the occasion of his injury plaintiff, being in the fuel room, was riding on or attempting to step over the chain conveyor between the pulley and the small aperture in the wall where it made its exit when his left foot and leg passed through a link in the chain and he was carried up against the wall of the room and so injured as to render the amputation of his leg necessary.

The case went to trial before a jury. When the introduction of evidence was concluded the court instructed the jury to return a verdict for the defendant, which was done, and this action of the court is made the basis of appellant's several assignments of error.

We conclude that the allegations of the petition with respect to

the construction of the buildings, the purpose of their use, the operation of the chain conveyor and the manner and extent of the plaintiff's injury are sustained by the evidence. The testimony shows that the fuel room was constructed within a large brick house and for the purpose of receiving sawdust; that there were three doors by which the brick house could be entered; that the hopper-shaped fuel room begins near the ground and extends upwards some 30 feet; there are some five or more openings into the fuel room about 18 by 24 inches and these were at some considerable distance from the ground. The inside of the room could not be seen by a person standing on the ground, and the only way one could see the inside was to climb up the inclined platform and look in through said openings, in fact the only way in which the fuel room was accessible was by the platform and through the small apertures. The saw mill plant and appurtenances covered about 50 acres of ground, and was attractive to children, and the playing of children somewhere on the grounds was almost of daily occurrence; and not infrequently they entered the fuel room and played in the sawdust. At the time of plaintiff's injury he was five years old.

On that day plaintiff accompanied to the mill his brother, seven years of age, who went there to carry dinner to Herbert Isbell, a still older brother, who worked at the mill, and whose employ-ment required him to stand on the platform and pick out sticks from the sawdust as it was being carried by the conveyor from the fuel room to the boiler room. Herbert saw his little brother enter the fuel room, and where he entered was about 8 feet from where a negro millhand was engaged, in the fuel room, in distributing the sawdust deposited there by the conveyor coming from the saw mill. Plaintiff was in the room only a short time before he was hurt. There was no proof to show that the negro saw plaintiff when he entered or while he was in the room before he was hurt, nor was it shown that the room was more than usually attractive to children. The testimony was uncontradicted that plaintiff had more than once been warned of the danger of playing on and around the chain conveyor, and it was the undisputed evidence that he was so warned by defendant's foreman on the morning of his injury, and was by him driven away and off the grounds, and that he had several times before then been made to leave the mill.

According to the principles announced in Dobbins y. Missouri, K. & T. Ry., 91 Texas, 60; Missouri, K. & T. Ry. v. Edwards, 90 Texas, 65; and North Texas Construction Co. v. Bostick, 98 Texas, 239, the defendant did not owe the duty of guarding its premises and machinery against trespassers, even though they may have been children of very immature discretion. In the case last cited, Chief Justice Gaines, in rendering the opinion of the Supreme Court, says: "We think, however, that in analogy, at least to the doctrine of dis-covered peril, when an employe in charge of the gins saw a child of tender years intruding into a place of danger, or in such close proximity to the machinery that he was likely to so intrude, it be-came his duty to take steps for its protection. But we are of opinion that this duty would have been performed by warning the child

of its danger and by removing it from the room in which the machinery was in operation to a place of safety. It was then no more the duty of the company to place a watchman over it than it was its duty in the first instance to have some one on guard for the protection of such trespassers. If after having been warned and put out of the gin room into a place of safety the plaintiff returned without the knowledge of the foreman and was injured, the company would not be responsible."

In the case under consideration the plaintiff had been warned of the danger more than once, and had repeatedly been made to leave. The proof to show that his presence was discovered by or known to the employe in charge of the fuel room, was wholly lacking. Under the circumstances, the defendant was not responsible for his injuries, and the court did not err in instructing a verdict for the defendant. The judgment is affirmed.

*Affirmed.*