J. W. SMITH, *Appellee,* v. THE MARION FRUIT JAR AND
    BOTTLE COMPANY, *Appellant.*

No. 16,978.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Injury to Child—Attractive Nuisance.* Evidence that a boy thirteen years of age was fatally injured by putting his hand in contact with a power fan maintained in an unguarded condition in connection with a factory, at a place accessible from the outside, where children were permitted to play, justifies a finding of actionable negligence on the part of the owner.

2. ———— *Contributory—Proximate Cause.* In an action by a father for the negligent death of his son while employed in a factory, the fact that he consented to such employment is not a bar to a recovery, notwithstanding it was his duty under the statute to have had his son at school.

Appeal from Montgomery district court. Opinion filed April 8, 1911. Affirmed.

*Osborn & Keith,* for the appellant.

*H. B. Williams,* and *George Campbell,* for the appellee.

The opinion of the court was delivered by

MASON, J.: In 1904 Stinson Smith, thirteen years of age, was employed in the factory of the Marion Fruit Jar and Bottle Company. His hand was lacerated by a power fan, and his death resulted. His father recovered a judgment against the company, from which it appeals.

The child labor statute (Laws 1905, ch. 278; amended by Laws 1909, ch. 65, Gen. Stat. 1909, §§ 5094-5098) is not involved, as it was not enacted until 1905. The factory act (Laws 1903, ch. 356, Gen. Stat. 1909, §§ 4676-4683) does not apply, because the deceased was not injured while engaged in the duties of his employment. (*Brick Co. v. Fisher,* 79 Kan. 576.) The case

was tried and determined upon the theory that the defendant was liable under the principle of the "turntable cases," its negligence consisting in maintaining in an open and exposed position a dangerous piece of machinery which was likely to attract children.

The evidence, as interpreted by the verdict and findings of the jury, must be deemed to have established these facts: The fan was used for forcing air into the factory. It was located under a shed, in an open space between two of the buildings, to which there was free access through one of them and also from the outside. It was five or six feet in diameter, and was set upon a cement base so that the highest part was about four or five feet above the ground. It was covered with a sheet-iron hood, in the center of which there was an opening about eighteen inches across. It revolved so rapidly that its blades were invisible. It made a buzzing noise, and created a strong suction. The place was considerably frequented by children, some of whom were employed at the factory, and some of whom attended a school near by. They would sometimes stand and listen to the noise made by the fan. They were not forbidden to play there, and were not warned of any danger. There was no rail or barrier about the fan at the time of the injury, but a fence was built around it shortly afterward. Stinson Smith voluntarily placed his hand in the fan. He said, immediately after being hurt, that he had been seeing where the wind came from.

Under these circumstances the jury were obviously justified in finding that the defendant could have reasonably anticipated such an accident, and was negligent in failing to take reasonable precautions against it. The Kansas cases on the subject are collected in *Kansas City v. Siese,* 71 Kan. 283, and *Price v. Water Co.,* 58 Kan. 551. In this view of the matter it is immaterial whether the injury occurred in the course of the duties

of the deceased under his employment, inasmuch as if he had not been an employee at all the defendant's liability would have been the same, the protection of the "turntable" doctrine being extended even to trespassers.

The defendant maintains that the plaintiff was guilty of contributory negligence in that he consented to his son's employment in the factory, thereby violating the statute (Laws 1903, ch. 423, § 1, Gen. Stat. 1909, § 7736) requiring parents of children between eight and fifteen years of age to send them to school. The relation is too remote. The fact that the deceased was not at school was not the proximate cause of his injury; it at most merely produced a condition that made the accident possible. (29 Cyc. 529; 7 A. & E. Encycl. of L. 382.) The defendant's argument is substantially the same as that upon which a few courts have held that a passenger traveling upon Sunday in violation of the law can not recover for an injury resulting from the negligence of the carrier. That argument has already been repudiated in this state (*Kansas City v. Orr*, 62 Kan. 61, 66), as well as in most others where it has been considered (27 A. & E. Encycl. of L. 411; 2 L. R. A. 521, note).

The plaintiff's consent to his son's employment did not involve the assumption of any risk resulting from the company's negligence. (29 Cyc. 1640.)

The defendant complains that, notwithstanding two uncontradicted witnesses testified that Stinson Smith had been warned to keep away from the fan, a special finding was made to the contrary. The question of the credibility of the testimony, however, was for the jury and the trial court.

The judgment is affirmed.