No. 19,135.

CLIFTON SOMERFIELD and GLADYS SOMERFIELD, *Appellees*, v. THE LAND & POWER COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

UNGUARDED CANAL—*Not an Attractive Nuisance—"Turntable" Cases*. An open, unfenced and unguarded canal, about fifty feet wide, with perpendicular banks about thirteen feet high, carrying a stream of water about seven feet deep through a populous city, maintained for commercial purposes, and along the banks of which the public passes and children gather to play and fish and swim, and into which a young child of the plaintiffs fell and was drowned, can not, of itself, be regarded as an attractive nuisance which will render the company owning and operating it liable for the death of the child under the doctrine of the "turntable" cases.

Appeal from Cowley district court; CARROLL. L. SWARTS, judge. Opinion filed January 9, 1915. Reversed.

Somerfield v. Power Co.

*J. Mack Love,* and *C. W. Wright,* both of Arkansas City, for the appellant.

*C. T. Atkinson,* of Arkansas City, *A. M. Jackson,* and *A. L. Noble,* both of Winfield, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Whether or not an open canal, about fifty feet wide with perpendicular banks about thirteen feet high and carrying a stream of water from six to eight feet deep, operated through the corporate limits of a populous city for commercial purposes, is an attractive nuisance, is the sole question presented for decision in this case.

The appellant, The Land & Power Company, operates through the corporate limits of Arkansas City a canal such as above described. During December, 1912, Charles Somerfield, a boy about three years of age, the infant son of the appellees, Clifton Somerfield and Gladys Somerfield, his wife, wandered from their home, which was about fifty feet distant from the canal, and falling into the canal was drowned. The parents thereupon brought this action against the appellant for $10,000 damages, alleging, among other things, that the appellant was negligent in failing to properly guard and protect the canal against children of tender years unable to appreciate the dangers of the canal. Appellees further alleged that it was the custom of the children and the general public to cross over the canal and to pass along its side; that children, attracted by the water and the canal, gathered, in season, on its banks to play, fish and swim; that several children had been drowned in the canal prior to the death of their son; and that appellant so operated and maintained the canal that it had become a menace to life; all because of the neglect and failure of appellant to properly guard, fence and protect the canal against the public and particularly against children of tender years. Appellant demurred to appellees' petition, and

the demurrer being overruled it appeals and contends that the trial court erred in its ruling because such a canal can not be considered an attractive nuisance within the doctrine of the "turntable" cases as announced by this court.

The canal, as will be observed, has the characteristics of a natural stream and can no more be regarded as an attractive nuisance than would a river flowing through the city or a pond or lake therein. It has been held that an unprotected pool in a natural watercourse to which boys resorted to wade and swim could not be regarded as an attractive nuisance within the meaning of the "turntable" cases. (*Tavis v. Kansas City,* 89 Kan. 547, 132 Pac. 185.) In *Harper v. City of Topeka,* 92 Kan. 11, 139 Pac. 1018, it was ruled that a pond in a city park which was substantially a reproduction of a natural pond, although attractive to children, did not come within the rule of attractive nuisances. There is no greater necessity to build a fence or put a cover over the canal than there would be to fence or cover a natural stream, and there can be little distinction made between them so far as the "turntable" doctrine is concerned. There might be ground for the contention of appellees if the appellant had unnecessarily placed or permitted some attractive or dangerous structure to be placed on or over the canal that would imperil the lives of children attracted there to play upon it, as in the case of *Price v. Water Co.,* 58 Kan. 551, 50 Pac. 450, 62 Am. St. Rep. 625. In that case there was a fenced reservoir, but the proprietor left an opening in the fence through which boys passed to his knowledge and then went out to play upon an apron that rose and fell on the water in the reservoir, and this contrivance was, in itself, an attractive danger. The same contention might be made if the appellant had maintained an unprotected and attractive device such as was placed over a pond within the limits of Kansas City. (*Kan-*

*sas City v. Siese,* 71 Kan. 283, 80 Pac. 626.)   There the
pond itself was not treated as an attractive nuisance,
but it was a sewer pipe placed in a sort of trough
which extended across the pond to which children were
attracted and on which they played, jumping from
it into the water, which constituted the allurement
and brought the case within the rule.   The structure
was obviously dangerous as well as attractive.   It
was unprotected, although the officers of the city knew
that children resorted there to play.   In another case
it was contended that a railway through a city over
which children passed was an attractive nuisance be-
cause children were tempted to hop on freight trains
and ride to the end of a grade and one of them was
injured, but it was there held that while the "turn-
table" rule had been recognized and applied in this
state in a number of cases the court was not dis-
posed to extend the doctrine farther and declined to
apply it to railway trains passing over an ordinary
unfenced track.   (*Wilson v. Railway Co.,* 66 Kan. 183,
71 Pac. 282.)   The court does not feel warranted in
extending the doctrine so as to make appellant liable
for failing to fence or guard a watercourse like the
one in question and which, so far as the "turntable"
rule is concerned, corresponds with a natural stream.

The judgment of the district court will be reversed
and the cause remanded with directions to sustain the
demurrer of appellant and award judgment in its
favor.