JAMES C. AVERY, as Administrator, etc., of RONNELL D. AVERY, Deceased, Plaintiff, *v.* FRANK L. MORSE, Defendant.

Supreme Court, Tompkins County, September 22, 1933.

*Bond, Schoeneck & King* [*B. F. Sovocool* of counsel], for the plaintiff.

*Sherman Peer* and *Abraham W. Feinberg*, for the defendant.

HEATH, J. This action is brought by an administrator to recover for the death of a six-year-old boy. The defendant has made a motion to dismiss plaintiff's complaint upon the ground that

it does not state facts sufficient to constitute a cause of action. The plaintiff's pleadings consist of a complaint amplified by a bill of particulars.

The substance of plaintiff's claim is that on the 14th day of April, 1931, the six-year-old boy was accidentally drowned as a result of falling into an artificial bathing pool maintained by the defendant on his residential property; that said bathing pool was located two hundred feet from a public street and was adjacent to a private path leading across defendant's premises and running from one public street to another; that for months children had frequently used this private path in going to school and for the purpose of play, which facts were known to the defendant; that said pool was negligently constructed and maintained in that the water was seven feet deep, the guard rail was inadequate in height and design with an opening in which there was no gate; that there were no guard rails along the edge of the steps or at the top where the steps led into the pool; that the sides to the pool were precipitous and slippery material had been permitted to accumulate about the edge and on the steps, and that " the opening in the guard rail, the unguarded and unprotected steps led immediately down into the deep water, and the slippery condition of the steps, and the undrained pool were inherently dangerous to a child of tender years and in the nature of a trap, or inducement to enter the same, all of which should have been foreseen by the defendant herein and the utility of the bathing pool at the time of year of the drowning of plaintiff's intestate was exceedingly small as compared with the degree of danger to children who were either trespassing or licensees upon the property."

It is significant that the complaint does not allege that the boy was an invitee and that the facts alleged constitute him a bare licensee.

The general duty of a landowner to a bare licensee is to refrain from active, willful or wanton negligence. " The owner or occupier of real property is under no obligation to make it safe, or to keep it in any particular condition for the benefit of trespassers, intruders, mere volunteers, or bare licensees." (*Birch* v. *City of New York*, 190 N. Y. 397, at p. 403.)

Some jurisdictions have made an exception as to children in what is commonly termed " attractive nuisance " cases. The New York courts, commencing with *Walsh* v. *Fitchburg R. R. Co.* (145 N. Y. 301 [1895]), known as the turntable case, have refused to recognize the " attractive nuisance " doctrine. However, the Court of Appeals in the *Walsh* case said (145 N. Y. at p. 308): " It is not contended for a moment that a person on his own land

may under all circumstances do anything that he chooses without being held liable to answer in damages for injuries which are direct and probable and natural results of his action."

From time to time the New York courts have been called upon to say whether or nor a given state of facts warrant a recovery by a licensee against an owner. " The rule seems to be thoroughly settled, at least in this State, that a plaintiff cannot recover in cases of this character unless the article which causes the injury is inherently dangerous." (*Beickert* v. *G. M. Laboratories*, 242 N. Y. 168, 172.) Mr. Justice Sears in his concurring opinion in *Flaherty* v. *Metro Stations, Inc.* (202 App. Div. 583, 588; affd., 235 N. Y. 605), quite aptly defined the rule of liability, saying: " The doctrine of ' attractive nuisance ' on private property is in my opinion no part of the law of this State. A principle, however, analogous to that requiring wild animals and fire to be kept at one's peril, seems applicable to the keeping of high explosives such as dynamite." Mr. Justice Davis, dissenting in the *Flaherty* case, maintained that the cases most common where the owner is held liable for his want of care dealt with owners who maintained " *destructive forces* " such as explosives and high tensioned electric wires.

As late as January, 1932, in the case of *Mendelowitz* v. *Neisner* (258 N. Y. 181), which involved an infant nine years of age, the court (at p. 184) said: " Where a person goes upon the premises of another without invitation, but simply as a bare licensee, and the owner of the property, passively, acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable for negligence; * * * Toward mere trespassers or bare licensees the rule is well settled that the only duty owing to them by the owner or occupier of land is to abstain from inflicting intentional, wanton or willful injuries unless he maintains some hidden engine of destruction, such as spring guns or kindred devices."

It is conceded by both counsel here that the only reported case where a New York court has been called upon to decide whether or not a pond of water is " inherently dangerous " or a " destructive force " is *Jaffy* v. *New York Central & Hudson River R. R. Co.* (118 Misc. 147), where recovery was denied. It is the contention of the plaintiff that the Court of Appeals in the *Mendelowitz* case has indicated that it is now ready to adopt the " attractive nuisance " theory, particularly as outlined by the American Law Institute in its Restatement of Law of Torts, Tentative Draft No. 4, section 209. This court does not see the same significance to Judge Crane's language in the *Mendelowitz* case as does the

plaintiff. Instead of intimating that New York is now ready to adopt the theory as propounded by the American Law Institute it would seem clear that the court is once again recognizing that New York has not adopted that theory as a rule of law. However, Tentative Draft No. 4, by subdivision (b), requires as a basis of recovery that "The condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily injury."

It would seem that those jurisdictions which have adopted the "attractive nuisance" theory have refused to apply it to ponds. (*United Zinc & Chemical Company* v. *Britt*, 258 U. S. 268; *Mindeman* v. *Sanitary District of Chicago*, 317 Ill. 529; *Summerfield* v. *Land & Power Company*, 93 Kan. 762; *Travers* v. *Kansas City*, 89 id. 574; *Harper* v. *City of Topeka*, 92 id. 11; *Barnhart* v. *Chicago, etc., R. R. Co.*, 89 Wash. 304; *Thompson* v. *Illinois Ry.*, [Miss.] 47 L. R. A. [N. S.] 1101; *Emond* v. *Kimberly-Clark Co.*, 159 Wis. 83; *Stendal* v. *Boyd*, 73 Minn. 53; *Riebling* v. *Homy*, 77 Ohio, 283; *Peters* v. *Bowman*, 115 Cal. 345.)

If a pond be not an unreasonable risk it would seem safe to conclude that it is not "inherently dangerous." Surely it is not a "destructive force" within the meaning of the New York courts in discussing bare licensee cases. The language used by the court in the *Barnhart* v. *Chicago, etc., R. R. Co. Case* (*supra*) seems apt: "That many boys every year lose their lives by drowning is a matter of common knowledge. But the number of deaths in comparison with the total number of boys that visit ponds, lakes, or streams for the purpose of play, swimming, and fishing, is comparatively small. It would be extending the doctrine too far to hold that a pond of water is an attractive nuisance."

If a pond is not an "attractive nuisance" and is not "inherently dangerous," then the plaintiff in this case comes within the general rule that the owner's liability is limited to willful or wanton negligence. This eliminates from the field of actionable negligence such charges as the failure to have a railing or allowing accumulation of slippery substance on the steps or permitting the water to be seven feet deep, etc.

For the reasons assigned the complaint should be dismissed. It is so ordered.