**MONTGOMERY WARD & CO., Inc., v. RAMIREZ.**

No. 10516.

Court of Civil Appeals of Texas. San Antonio.

April 12, 1939.

Rehearing Denied May 10, 1939.

Beasley & Beasley, of Beeville, for appellant.

Wade & Wade, of Beeville, for appellee.

MURRAY, Justice.

This is an attractive nuisance case. The salient facts are undisputed. Montgomery Ward & Company, Inc., defendant below and appellant here, was conducting a retail store in Beeville, Bee County, Texas. Among other things it was selling motor driven washing machines. On November 10, 1936, appellant, acting through its employees, placed a gasoline washing machine in the rear of its store but on a lot belonging to the Company, and in order to test the machine set it in operation. The machine was about four and one-half or five feet in height, and about two feet in width. It was driven by a small gasoline engine placed beneath the tub portion of the machine. The only part of the machinery left exposed was two rollers which formed the wringer. This wringer was on top of the tub portion. The machine was left unattended except one employee was instructed to notice it occasionally to see that it had not stopped. The machine was placed in the rear of the store because the fumes from the gasoline engine were not desired in the store building.

While the machine was thus operating, Francisco Ramirez, eleven years of age,

plaintiff below and appellee here, and who sues herein by and through his father and next friend, Jose Ramirez, was passing along a public alley to the rear of the store. He was accompanied at the time by two other small boys of about the same age. The three boys were attracted by the machine and went upon the lot, which was the private property of the Company, for the purpose of looking at the machine. The shirt sleeve of Francisco Ramirez got caught in the wringer. Thus his hand was pulled into the wringer and injured. One of Francisco's companions attracted the attention of one of the employees in the store who came and released Francisco's arm.

The cause was submitted to a jury and upon their verdict judgment was entered in plaintiff's favor in the sum of $1,100. Montgomery Ward & Company, Inc., presents this appeal.

Appellant's first contention is, in effect, that under the facts in this case an ordinary gasoline washing machine cannot, as a matter of law, be regarded as an attractive nuisance. This presents a difficult question. We are not unmindful of the fact that the so-called "turntable cases" originating with the case of Sioux City Railway Company v. Stout, 17 Wall. 657, 21 L.Ed. 745, go near the verge of the law in holding the landowner liable for injuries received by small children of tender years on the theory of "attractive nuisance." We are also aware of the fact that power-driven washing machines are more or less in common use. Evidence was introduced tending to show that one of these machines might be found in about every fourth or fifth home. Not only these washing machines, but many other machines and devices are to be found in common use. It has been well said that we now live in a machine age.

Aside from all of this, however, we must here decide whether or not, under the facts and circumstances shown by the evidence, this gasoline washing machine was, as a matter of law, an attractive nuisance. The jury has found, in response to special issues submitted to them, in effect, that this washing machine was an attractive nuisance, and unless we can say, as a matter of law, that it was not, this finding by the jury must stand.

It might be well to here state that the passageway back of the lot on which the washing machine was operating was a public passageway. It is further shown that many small boys were known to appellant's employees to use this passageway. Also appellant's employees knew that these small Mexican boys came upon the lot in the rear of the store and searched through a trash container on the lot. They had been warned to stay off the lot, but the evidence does not show that Francisco and his companions had ever been so warned. The evidence further shows that the boys were attracted to the washing machine by "its colors and its moving parts and the steam coming therefrom and the noise of said machine while in operation."

We are of the opinion that under all the circumstances the jury were warranted in finding, in effect, that the washing machine was an attractive nuisance, and we cannot say, as a pure matter of law, that it was not. Duron v. Beaumont Iron Works, Tex.Com.App., 7 S.W.2d 867; Johnson v. Atlas Supply Co., Tex.Civ.App. 183 S.W. 31; Johns v. Ft. Worth Power & Light Co., Tex.Civ.App., 30 S.W.2d 549; Charles v. El Paso Electric R. Co., Tex. Com.App., 254 S.W. 1094; Quisenberry v. Gulf Production Co., Tex.Civ.App., 63 S. W.2d 248; Little v. James McCord Co., Tex.Civ.App., 151 S.W. 835; McCoy v. Texas Power & Light Co., Tex.Com.App., 239 S.W. 1105; Hogan v. Houston Belt & Terminal R. Co., Tex.Civ.App., 148 S.W. 1166; Gerneth v. Galbraith-Foxworth Lumber Co., Tex.Com.App., 36 S.W.2d 191, on rehearing, 38 S.W.2d 775; Note in 36 A.L.R. at page 148; Smith v. Marion Fruit Jar & Bottle Co., 84 Kan. 551, 114 P. 845.

The facts in the Texas cases cited and relied upon by appellant are distinguishable from the facts of the case at bar. In Texas Public Service Co. v. Laughead, Tex. Civ.App., 73 S.W.2d 925, it appears the children were not attracted to the premises by the cesspool, as they could not see it from the road.

Simonton v. Citizens' Electric Light & Power Co., 28 Tex.Civ.App. 374, 67 S.W. 530, did not involve any machinery. The alleged attractive nuisance was a common light pole with spikes.

Texas-Louisiana Power Co. v. Bihl, Tex. Com.App., 66 S.W.2d 672, is similar to the Simonton case.

In the case of Isbell v. Hayward Lumber Company, 47 Tex.Civ.App. 345, 105 S.W. 211, the plaintiff had been warned a number of times to stay off the premises.

In the case of Rinker v. G. H. R. Co., Tex.Civ.App., 176 S.W. 737, 742, the court

seemed first to be of the opinion that an ordinary push car as a matter of law was not an attractive nuisance, but in the opinion on rehearing said: "Any statement in our main opinion in conflict with the ruling here announced is hereby withdrawn." The case was reversed and remanded and the court, therefore, necessarily held that an ordinary push car, as a matter of law, could be an attractive nuisance.

■ Appellant next contends that the washing machine did not have any concealed, hidden or latent dangers, but that any dangers were open, patent and visible, and that therefore appellant would not be liable. We overrule this contention. The question here is, Was the dangerous character of the washing machine latent and concealed from the appreciation of children of tender age? The jury found by their answer to special issue No. 15, that Francisco Ramirez did not have sufficient intelligence and ability to understand the dangers incident to his going near to or touching the wringers of the washing machine. This finding is supported by the evidence and is binding upon this court.

In the case of Morris v. Carnarvon County Council, 1 K. B. (Eng.) 159, it is said that, to determine whether a thing is a hidden or concealed source of danger, one must have regard not only to the nature of the thing itself, but also to the class of persons who are invited or compelled to use it, and to the knowledge, judgment, and physical strength of those persons. What the law considers a concealed danger is not confined to things hidden from the eye alone; it extends to things hidden from the appreciation of the person injured, hidden from the combination of eyesight and knowledge and of the properties of the things which the eyesight observes.

See also Quisenberry v. Gulf Production Company, supra, same case before the Commission of Appeals, 97 S.W.2d 166; Gerneth v. Galbraith-Foxworth Lumber Co., supra.

Appellant relies on the case of Stimpson v. Bartex Pipe Line Co., 120 Tex. 232, 36 S.W.2d 473. The danger in that case was the danger of falling. If there is any danger that should be apparent to a child it is the danger of falling. Courts have been reluctant to apply the attractive nuisance doctrine in cases where the danger was that of falling.

Finding no error in the record the judgment will be affirmed.

### On Motion for Rehearing.

Appellant criticizes our statement that the alley along which the boys were passing at the time they were attracted to the washing machine was a public alley. By this statement we intended nothing more than that the alley was one commonly used by the public, and that they were not trespassers upon the private property of appellant at the time they were first attracted by the washing machine.

It is true that the alley belonged to the railroad and that the boys had to cross over a service track before reaching the property of appellant; however, such facts in our opinion do not change the situation in any particular.

We have carefully considered appellant's motion for a rehearing and same is in all things overruled.