## STANOLIND OIL & GAS CO. v. FRANKLIN.

### No. 13434.

United States Court of Appeals
Fifth Circuit.

Dec. 28, 1951.

James Little, Big Spring, Tex., for appellant.

Frank R. Murray, Charles L. Cobb, Lubbock, Tex., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment against appellant for damages to a minor, who sued by his father, as next friend, for loss of the child's right eye. The father and his family, including the plaintiff, were living in a camp of the Stanolind Oil & Gas Company, the father being a tenant and employee of said company. In said camp was a work shop owned and operated by appellant. This shop contained tools for carpentering, an electric saw, files, drills, chisels, handsaws, and various other instruments, including a vice that was attached to a work bench. The injury occurred in Texas; federal jurisdiction depends solely upon diversity of citizenship; and our decision upon the merits is governed by the substantive law of Texas.

About 11 o'clock A.M., Sunday, Feb. 2, 1941, the appellee, James Edwin Franklin, then seven years and two months old, together with another child of about the same age, went into the work shop of appellant for the purpose of playing with the tools therein, which were in plain view and easily accessible. They decided to make a little boat, as a plaything, to float on the puddles of water outside caused by the rain. James fastened a piece of wood in a vice, and began sawing with a keyhole saw, shaping the piece of wood into the general outline of a boat. Two older boys came in, and one of them, who was 12 years old, told James that he "was sawing it crooked." He looked at the saw, and said: "The blade of the saw is crooked," and he got down and looked at it again; then the older boy looked at the saw; so James, imitating the two older boys, got down and sighted along the blade of the saw. Not noticing James, the older boy of twelve undertook to move the saw, and accidentally punched the point of it into James' eye. The crucial question on this appeal is whether the company was negligent in failing to keep the shop door locked, when it knew that trespassing children were in the habit of entering the shop to play with the tools therein. The piece of wood that was being sawed had been one end of a fruit or vegetable crate, and may have been brought into the shop by the plaintiff to be sawed into the shape of a boat.

Appellee relies upon the attractive nuisance doctrine, citing Banker v. McLaughlin, 146 Tex. 434, 208 S.W.2d 843, 8 A.L.R. 2d 1231; Montgomery Ward and Company v. Ramirez, Tex.Civ.App., 127 S.W.2d 1034; Gulf Production Company v. Quisenberry, 128 Tex. 347, 97 S.W.2d 166; Natatorium Laundry Co. v. Saylors, Tex.Civ.App., 131 S.W.2d 790, 794; and other Texas cases; but the attractive nuisance doctrine is not appellee's sole reliance or even his principal point. His principal contention is that appellant was under the legal duty to use ordinary care to avoid injuring the child of an employee who lived in a company house approximately fifty feet from the shop where this injury occurred; that the

children of such employee had, to the knowledge of the company, gone into the unlocked shop and played with tools therein on several previous occasions; that, at safety meetings, Mr. Heasley, the company carpenter, and L. E. Franklin, the plaintiff's father, had protested to those in authority that the carpenter's shop was hazardous to children on the leased premises and should be kept locked; that at one time locks were placed on the shop door by appellant and keys furnished to employees having business therein; but that, regardless of this initial precaution, the shop was allowed to remain open and unattended two-thirds of the time. There was evidence to support these contentions as a matter of fact, but the legal question remains as to whether the appellant owed a duty to the children to keep the shop door closed and locked to prevent them from congregating therein to gratify some childish desire and without a full perception of the risk they were running. With this question in mind, let us turn to the principles of law that must govern our decision.

■ The general rule is that when people go upon the land of others for their own purposes, without right or invitation, and are exposed to injury from unseen dangers, the responsibility therefor is upon themselves. The fact that a child may be a trespasser does not necessarily exonerate the owner of premises accessible to children, and likely to be frequented by them, from the duty to take reasonable precautions for their safety. Under ordinary conditions, trespassing children occupy the same position as trespassing adults; and the tender age of a child, rendering it incapable of looking out for its own safety, does not raise a duty where none otherwise exists. To warrant a recovery for injury to a trespassing child, it must be shown that the injury was caused by the negligence of the owner or occupant after the presence of the trespassing child upon the premises was known to him or reasonably should have been foreseen by him. The degree of care to be exercised for the safety of children so situated should be commensurate with the dangers there to be encountered; in other words, the care to be exercised for the

benefit of the child should be in proportion to the danger involved. The foundation of liability is not the tender age of the child but the culpable negligence of the defendant.

■ With the verdict of the jury before us, we deem it established for present purposes that appellant knew that children of its employees were likely to visit the shop as trespassers and be injured by playing with the tools therein; that appellant had been warned that children of camp employees were in the habit of playing with the tools in the shop; that appellant had undertaken to exclude them by keeping the shop door closed and locked when the shop was unoccupied by employees of the company, as it was on the Sunday of this accident; but that, notwithstanding this, the company had failed to enforce its requirement with reference to keeping the door locked, and the door remained open two-thirds of the time; and that the shop was unoccupied and the door was not locked when the plaintiff entered the shop on the day he was injured.

The appellant was entitled to maintain the shop and to keep in it the usual and necessary tools and implements essential to the operation of its business; but in the circumstances here it did not free itself from legal liability for injuries to trespassing children, resulting from a dangerous condition, merely by ordering the door to be kept locked and by providing its employees with keys. It was appellant's duty to exercise reasonable diligence to see that this order was obeyed, and the verdict of the jury establishes the fact that such was not done by appellant.

■■ No necessity is shown for keeping this shop open when not occupied and not being used by employees of appellant, or for permitting children to congregate therein against the wishes and over the repeated objections of their parents. It is not necessary that the defendant should have foreseen the happening of this particular event, but only that some injury might happen to a child of seven by permitting him and his companions to use the shop as a playroom and the tools therein as playthings. The unfenced lawn of the

plaintiff's home, furnished by the defendant, was within twelve feet of the open door of the shop. The boy had to live there; and God gave him the impulse to imitate his elder playmates. The jury had the right to decide whether he was capable of contributory negligence.

In balancing the risk to trespassing children against the utility of the dangerous conditions in the appellant's carpentering shop, the turntable cases afford an illustration of the governing principle: A turntable may be essential to the proper functioning of a railway; but, if a simple locking devise would make it safe against meddling children, it would be unreasonable, without installing such device, to maintain a turntable at a place where children are notoriously prone to trespass; and such failure would be actionable negligence in the case of children injured while playing about the turntable. In like manner, the shop in the instant case, when not in use, could have been made safe against trespassing children simply by closing the door and locking it. Failure to do so, as found by the jury, was negligence and the proximate cause of the injury. The learned court below ably instructed the jury upon the applicable Texas law, and we perceive no reversible error in the charge. 30 Tex. Jur. 856, 858. Cf. 38 Am.Jur., pp. 118, 779, 805, 820; 45 C.J., p. 784; 65 C.J.S., Negligence, § 29(13); Restatement of the Law of Torts, Vol. 2, Sec. 339, pp. 920–923, 925–927.

Affirmed.