No. 22,157.

JAMES GOEHENOUR, a Minor, by ALICE GOEHENOUR, His Next Friend, *Appellee,* v. REESE B. BROWN et al., Partners as BROWN BROTHERS CONSTRUCTION COMPANY, *Appellants.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Explosives—Injury to Boy—Verdict—New Trial.* An examination of the record fails to disclose that any error was committed by the trial court in granting a new trial.

2. SAME—*Doctrine of Attractive Nuisance.* The doctrine of attractive nuisance is held not applicable to the facts of this case.

Appeal from Wyandotte district court; division No. 3; WILLIAM M. McCAMISH, judge. Opinion filed May 10, 1919. Affirmed.

*A. L. Berger,* of Kansas City, *O. H. Dean, W. D. McLeod, H. M. Langworthy,* and *Roy B. Thompson,* all of Kansas City, Mo., for the appellants.

*L. W. Keplinger,* and *C. W. Trickett,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, a small boy, by his next friend sued to recover damages for injuries caused by the explosion of a dynamite cap which had been taken from a box of the defendants, near their stone-crushing plant. The jury returned a verdict for the defendants, and the plaintiff filed a motion for a new trial on three grounds—error in refusing instructions, error in giving instructions, and that the verdict was contrary to the evidence and instructions. The court granted a new trial, and the defendants appeal, assigning this ruling as the one error.

The petition alleged that the defendants operated a rock quarry and rock crusher, and kept on hand dynamite, fuse, and dynamite caps; that there were a large number of children living near who were accustomed to gather about where these explosives were kept; that on the day of the injury, although the defendants did not work at the quarry, they left the fuse and caps in a box easily accessible to children; that between

Goehenour v. Construction Co.

the lid and the box there was an opening sufficiently large, or which could be enlarged by lifting the lid, so that children could easily reach in and take out the fuse and caps; that on such day the children, of whom plaintiff was one, took from this box fuse and caps, and that while playing with them, one of the caps exploded and injured the plaintiff; and that the defendants knew that children were very likely to be, and were accustomed to be, in that vicinity, and knew that the children in the vicinity knew that explosives were kept in the box, and that children were liable to play with the explosives, but that they recklessly and wantonly left them where the children could, and did, get them.

Testimony was given to the effect that the plaintiff, a boy six years old, accompanied by the witness, a boy twelve years old, who had been to the box before and who had been given giant powder therefrom by a workman, went to the box on the day in question, and that the plaintiff held the lid open with a piece of flooring board found near there while the witness reached in and took out the fuse and caps; that without the board, the older boy could not get his arm in the box beyond the wrist; and that he took a little half stick of dynamite and six or seven caps and went to the woods and applied a lighted match to one of the caps and the explosion occurred, causing the injury.

The quarry and crusher were up on the rugged side of a hill; the box containing the explosives was three or four feet high and about the same length, had the word "Danger" printed on it, and was easily accessible from a path leading up the hillside. There were two houses up on the hill and others over the hill, near the crusher, and several children lived there. One witness testified that there were two paths running up the hill by the box, one within about four feet of it; that there were quite a few children playing around there; that they came right there from school, quite a number of them; and "That they came across the hill right by the rock crusher down on the north side of the rock crusher and west from the school that went south." Another witness testified that he had worked for the defendants during the previous fall and was familiar with the location of the rock crusher:

"That there were two paths up over the hill, one of them you could pass by and touch the box with your arm and hands; that children lived

up on the hill, and that going to and from school used the path right by the box; that prior to the accident witness experimented to see if he could get his arm in this box, and found that he could and did, and that at that time there was with him D. C. Kite, and that the lock was on the box at the time he made the experiment."

Another man said of the box, that it was an old one—

"And that the side didn't come up to the lid, that it locked in the center; the lid came down, and had a padlock fastened to a staple in the center of the box, and was open from the center each way, the sides of the box not coming up to the lid; that he was able to put his arm in the box to the right of the lock, but that there was a small crack on the left hand side; that this crack was two inches wide, and that he could raise the lid to 4 inches."

The court instructed, among other things, that if the defendants failed to exercise the high degree of care required of them, under the law, as stated, and knew, or should have known, by the exercise of the highest degree of care and prudence, that children had access to the quarry, and could reach into the box in question without lifting the lid, or could easily lift up the lid or pry it up without exerting greater force than could be employed by a boy of the age of the plaintiff and his companion, and that it was not necessary to break the lock or the material of the box in order to extract explosives therefrom, and the plaintiff and his companion did take explosives as stated by them, and the plaintiff was injured by their explosion, the jury should find for the plaintiff; but that if the explosives could not have been extracted by the plaintiff and his companion without mechanical force, or doing violence to the box, the verdict should be for the defendants.

The reason for granting the new trial does not appear. The trial court may have deemed that some change should have been made in the instructions, or that the jury reached the wrong conclusion. At any rate, it is manifest that the result was not satisfactory, and in such a case the well-settled rule requires the granting of a new trial. (*Butler v. Milner,* 101 Kan. 264, 166 Pac. 478, and cases cited; *Halverson v. Blosser,* 101 Kan. 683, 168 Pac. 863.)

As the case goes back for another trial, it is proper to say that we do not regard it as coming within the doctrine of attractive nuisance.

No error appearing, the ruling is affirmed.

Mergen v. Railroad Co.

OPINION DENYING A REHEARING.

(Filed July 5, 1919.)

The opinion of the court was delivered by

WEST, J.: In their motion counsel insist that a rehearing be granted and that the order granting a new trial be reversed, for the reason that the elimination of the attractive-nuisance doctrine ends the case. In our statement in the former opinion touching this doctrine no attempt was made to go further or to discuss the general question of negligence involved. It is suggested that the petition has now been amended, and whatever the rights of the parties may be must be determined by the trial court. A rehearing is denied.