No. 42,577

Lee Roy Wroth, *Appellee*, v. L. L. McKinney, *Appellant*.

(373 P. 2d 216)

Opinion filed July 7, 1962.

*Eugene W. Hiatt*, of Topeka, argued the cause and was on the briefs for the appellant.

*Rex A. Jemison*, of Topeka, argued the cause, and *Wm. Carl Zimmerman*, of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal in a wrongful death action from the order of the trial court overruling defendant's demurrer to plaintiff's petition.

The petition alleged plaintiff resided at 2526 Kentucky street, Topeka, that defendant resided on Rural Route No. 1, Pauline, and in pertinent part further alleged:

"IV.

"That plaintiff was employed by defendant on the 13th day of September, 1958, to do certain plumbing work at defendant's residence.

"V.

"It was the custom of plaintiff to bring his 4 year old son, Andrew, with him when working at defendant's residence, and had taken his son, Andrew,

on other occasions with the knowledge and acquiescence of defendant, and on the 13th day of September, 1958, plaintiff took his son Andrew with him while working at defendant's residence, and defendant had full knowledge of Andrew Wroth's presence and acquiesced to his presence.

"VI.

"Defendant owned, maintained and controlled on defendant's premises a certain dangerous instrumentality, to-wit: A loaded revolver kept in defendant's bedroom in an easily accessible location.

"VII.

"Defendant knew, or should reasonably have known, that a loaded revolver in the easily accessible reach of a 4 year old child constituted a great hazard to life.

"VIII.

"Defendant wrongfully and negligently failed to take reasonable precautions to protect his guest, Andrew James Wroth, from coming into contact with said loaded revolver in the following respects:

"1. Failing to warn plaintiff of the existence of the dangerous loaded revolver.

"2. Failing to place revolver in a safe place out of the reach of 4 year old Andrew James Wroth.

"IX.

"That on or about the hour of 5:15 p. m., on the 13th day of September, 1958, said Andrew James Wroth entered the house to use the bathroom and immediately thereafter found the loaded revolver in the bedroom, and fired a bullet through his head, resulting in his instantaneous death. That the proximate cause of the death of Andrew James Wroth was the negligence of defendant in failing to warn the child's parent, the plaintiff herein, of the dangerous condition of the premises, to-wit: the existence of a loaded revolver in an easily accessible location, and the failure to exercise the care and control of the loaded revolver commensurate with the hazard to life.

"X.

"Plaintiff further shows and alleges that defendant left the said loaded revolver in open view in defendant's bedroom on top of a dresser, and left the bedroom door open; that defendant knew, or should have known that the minor child, Andrew James Wroth, would see the revolver through the open bedroom door, would be attracted by the revolver, and that the loaded revolver constituted a great hazard to life in the hands of a child of tender years."

Defendant demurred generally to the petition, which demurrer was overruled by the trial court, and hence, this appeal.

The only question presented for appellate review is the order of the trial court overruling defendant's general demurrer to plaintiff's petition.

We cannot agree with appellant's contention that under the allegations of the petition the child in question was a trespasser. The allegations of the petition are all that can be considered on this demurrer and we do not know what the evidence will show in support thereof but we believe they show the child was no less than a licensee on the premises whose presence was known to the

defendant. Therefore, we shall proceed to the proposition as to whether the petition alleges negligence on the part of the defendant and whether that negligence was the proximate cause of the death of the child.

In 38 Am. Jur., Negligence, § 85, pp. 742-744, it is said that liability for keeping a dangerous instrumentality is not an absolute liability so as to make the defendant an insurer of a child in a situation such as is here involved, but that liability for negligence in respect to dangerous instrumentalities, as liability for negligence, generally arises from the failure to use due care. One knowingly dealing with such an instrumentality which may cause harm to others unless due care is exercised must answer for the results which follow from a negligent failure to exercise such care, and a higher degree of care is required in dealing with dangerous instrumentalities than in the ordinary affairs of life or business which involve little or no risk. As the hazard from the use or threatened use of dangerous instrumentalities increases, the responsibility of the person employing them becomes stricter, and, in extreme cases, may be the equivalent of insurance of safety. Accordingly it is well settled that one who has in his possession, or under his control, an instrumentality exceptionally dangerous in character is bound to take exceptional precautions to prevent an injury being done thereby. In other words, the essential requirement of due care under the circumstances necessarily implies that the care required to prevent injury to others in using a dangerous instrumentality is a great or high degree, if not the greatest or highest degree, of precaution.

Later in the same volume, § 89, p. 749, an appropriate statement made by an eminent authority appears which in pertinent part reads:

" 'Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution toward them must calculate upon this, and take precautions accordingly. If they leave exposed to the observation of children anything which would be tempting to them, and which they in their immature judgment might naturally suppose they were at liberty to handle or play with, they should expect that liberty to be taken.' "

On the same page, it is further stated:

". . . the act of a child in tampering with dangerous articles negligently left in a place where they are likely to be found by children is regarded in the majority of the cases, not as an intervening cause which relieves the one so negligent from responsibility for an injury suffered by the child from the article, but

as something which the negligent person must have foreseen, or at least ought to have foreseen, so that he may be held liable for such injurious consequences."

To the same effect is the following statement in 65 C. J. S., Negligence, § 39, particularly applicable where the licensee in the position of peril is an infant:

"The circumstances may be such as to impose on a property owner a higher duty with respect to infant licensees who are of such tender years that they are unable to appreciate and avoid danger. It has even been considered that the circumstances may require more care toward an infant licensee than toward an adult invitee." (p. 505.)

See, also, *Rapczynski et ux. v. W. T. Cowan, Inc., Appel.*, 138 Pa. Sup. Ct. 392, 399, 10 A. 2d 810, 814-815.

It is negligent to place loaded firearms or poisons within reach of young children or feeble-minded adults. (Restatement, Torts, Negligence, § 308 b., p. 836; *Mendola et al. v. Sambol, Appellant*, 166 Pa. Sup. Ct. 351, 354, 71 A. 2d 827; *Kuhns v. Brugger, Appellant*, 390 Pa. 331, 346, 347, 135 A. 2d 395.)

Kansas has long followed the rule that the highest degree of care is required of all responsible persons having ownership or control of dangerous explosives such as dynamite and firearms. (*Clark v. Powder Co.*, 94 Kan. 268, 146 Pac. 320.) Under the Clark case the degree of care has to be commensurate with the dangerous character of the instrumentality and a duty to exercise the highest degree of care never ceases. (p. 271.) On the same subject, see *Goehenour v. Construction Co.*, 104 Kan. 808, 810, 180 Pac. 776.)

In view of the allegations in this petition and the above authorities, which by no means exhaust those cited by the parties or touching upon the subject, we conclude the petition states a cause of action and the trial court properly overruled the demurrer to the petition.

Judgment affirmed.

PARKER, C. J., and PRICE, J., dissent.