No. 42,838

FARMERS AND MERCHANTS BANK, Mound City, Kansas, a Corporation, *Appellee,* v. MURRAY T. COPPLE, a/k/a TIM COPPLE, and OPAL COPPLE, a/k/a OPAL H. COPPLE, husband and wife, *Appellants.*

(373 P. 2d 219)

Opinion filed July 7, 1962.

*Harry C. Blaker,* of Pleasanton, was on the brief for the appellants.

*Leighton A. Fossey,* of Mound City, argued the cause, and *John H. Morse,* also of Mound City, was with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an action on a promissory note secured by a real estate mortgage seeking judgment against the defendants and foreclosure of the mortgage. Appeal has been duly perfected from an order of the trial court overruling a demurrer to the plaintiff's petition.

The question presented is whether the petition alleges sufficient facts to accelerate the maturity of the note. Included within the

foregoing question is whether the petition expressly alleges a breach of the condition in the mortgage requiring the mortgagors to keep the premises insured for the benefit of the mortgagee.

The note and mortgage are in ordinary form. The petition alleges the execution and delivery of a promissory note to the plaintiff dated the 4th day of December, 1960, wherein the defendants agreed to pay the plaintiff three years after date the sum of $15,000 with interest at 6% per annum payable semiannually. A copy of the note was attached to the petition, and the only condition specified in the note which is material to this appeal reads:

". . . If any part of this note or installment thereof, or interest thereon is not paid as herein specified, this note shall at once become due, at the option of the holder, and bear ten per cent interest thereafter. . . ."

The note indicates that it was secured by a real estate mortgage, No. 2556, and specifies that it is due December 4, 1963.

The petition further alleges that to secure payment of the note the defendants at the same time and as part of the same transaction executed and delivered to the plaintiff a properly signed and acknowledged real estate mortgage, bearing the date of September 4, 1960, covering fourteen lots of real estate in the city of Mound City, Kansas. The real estate mortgage was attached to and made a part of the petition by reference. The conditions of the mortgage material to this appeal read as follows:

"And this conveyance shall be void if such payment be made as in said note, *and as is hereinafter specified,* and the said parties of the first part hereby agree to pay all taxes assessed on said premises before any penalties or costs shall accrue on account thereof, *and to keep the said premises insured in favor of said mortgagee in the sum of Fifteen Thousand and no/100 DOLLARS, in some insurance company satisfactory to said mortgagee,* in default whereof the said mortgagee may pay the taxes and accruing penalties, interests and costs, and insure the same at the expense of the parties of the first part; and the expense of such taxes and accruing penalties, interests and costs, and insurance, shall from the payment thereof be and become an additional lien under this mortgage upon the above described premises, and shall bear interest at the rate of ten per cent per annum. *But if default be made in such payment or any part thereof, or interest thereon, or the taxes assessed on said premises, or if the insurance is not kept up thereon then this conveyance shall become absolute and the whole principal of said note, and interest thereon and all taxes and accruing penalties and interest and cost thereon remaining unpaid or* which may have been paid by the party of the second part, *and all sums paid by the party of the second part for insurance, shall be due and payable, or not, at the option of the party of the second part;* . . ." (Emphasis added.)

The petition then alleges said mortgage was duly recorded and the registration tax was duly paid. It alleges:

"4. That defendants have paid the semi-annual installment of interest in the amount of $450.00, due March 4, 1961, but that on or about July 8, 1961, plaintiff was advised by the Farm Bureau Mutual Insurance Company that installment insurance premiums on the following described premises in the amounts shown were in default:

Lot 4, Block 42, City of Mound City, Kansas, $13.38;
Lots 1 and 2, Block 37, City of Mound City, Kansas, 13.29;
Lots 7 and 8, Block 31, City of Mound City, Kansas, 16.25;

and that unless said premiums were paid the insurance policies on said premises would be cancelled, effective 12 o'clock noon July 21, 1961; that *defendants failed and neglected to pay said premiums and that plaintiff, on July 21, 1961, in order to avoid cancellation of such insurance, paid said insurance premiums* in the total amount of $43.02; that by the terms of said mortgage said amount becomes an additional lien under said mortgage, to bear interest at the rate of 10% per annum.

"5. That the plaintiff is the present owner and holder of said note and mortgage and have and *do hereby declare the whole of said sums with interest thereon as aforesaid due and payable by reason of the default of said defendants as provided by the terms and conditions of said mortgage.*" (Emphasis added.)

The petition concludes with a prayer for judgment on the note and mortgage in the sum of $15,000, together with interest at the rate of 6% per annum from March 4, 1961; for a further judgment for the sum of $43.02 with interest thereon from July 21, 1961, at the rate of 10% per annum; and for foreclosure of the real estate mortgage.

The appellants rely upon the foregoing quoted portion of the note for the proposition that the petition states no facts sufficient to accelerate the maturity date of the note. It is argued the note shows on its face that it is not due until September 4, 1963, and the petition therefore shows on its face that the action is premature. They argue the only attempt in the petition to allege any fact that might be an excuse to accelerate the maturity of the note by some two years is contained in paragraph 4. They contend the language in this paragraph does not say the "insurance is not kept up thereon," but in fact it says just the opposite. They argue these allegations negative any idea that insurance was allowed to lapse by stating that plaintiff paid a total sum of $43.02 in premiums to be sure the insurance was kept up on the property. This, the appellants concede, the appellee had a right to do and charge the amount to the appellants, but they contend it cannot be used by the bank as an excuse to declare an obligation of some $15,000 due and payable some two years in advance of its maturity date.

On demurrer to a petition the plaintiff is entitled not only to the benefit of facts well pleaded, which must be taken as true, but to all reasonable inferences that may be derived therefrom. (*Galleher v. City of Wichita,* 179 Kan. 513, 296 P. 2d 1062; *Cassity v. Brady,* 182 Kan. 381, 321 P. 2d 171; *Rex v. Warner,* 183 Kan. 763, 332 P. 2d 572; *Adams v. City of Arkansas City,* 188 Kan. 391, 362 P. 2d 829; and *Voss v. Bridwell,* 188 Kan. 643, 364 P. 2d 955.)

It may be conceded that a cause of action on a negotiable instrument does not accrue until the instrument matures, and a suit commenced before that time is premature. (*Upham v. Shattuck,* 151 Kan. 966, 101 P. 2d 901.) It has also been held the maker of a promissory note, payable at a bank, has the entire day of maturity in which to make payment; and an action begun thereon just after the close of banking hours of the day it falls due is prematurely brought. (*National Bank v. Paper Mfg. Co.,* 58 Kan. 207, 48 Pac. 863.) The appellants rely upon the two foregoing cases, each of which involves ordinary unsecured promissory notes.

In the case at bar it must be conceded nothing is due by the terms of the note alone, but this note is coupled with a real estate mortgage that embodies conditions which the mortgagors must meet. It specifically provides that a default in any one of the conditions therein may accelerate the maturity of the note.

In the instant case the note and mortgage were executed on the same date and as a part of the same transaction. Where two instruments are executed by the same parties, at or near the same time, in the course of the same transaction, and concern the same subject matter, they will be read and construed together. (*Skinner v. Skinner,* 126 Kan. 601, 270 Pac. 594; and *Dearborn Motors Credit Corporation v. Neel,* 184 Kan. 437, 448, 337 P. 2d 992.)

It has long been held in this state that the terms and conditions of a real estate mortgage given as security for a promissory note are part of the entire loan transaction, and that a breach of the conditions set forth in the mortgage, or any one of them, if they be stated in the disjunctive, as here, serves at the option of the mortgagee to accelerate the maturity of the note. This court said in *Porter v. Schroll,* 93 Kan. 297, 144 Pac. 216:

"As the mortgage provided that upon failure to comply with any of the conditions the whole sum of money should become due, *the agreement to insure being one of the conditions, and the breach of the condition being expressly alleged in the petition,* a cause of action was stated." (p. 298.) (Emphasis added.)

The facts there involved closely parallel the facts in the instant case, and the decision is controlling herein if it can be said the petition in the instant case contains an express allegation of a default in the condition to keep the premises insured. There, as here, nothing was due on the note when the suit was commenced, except as provided in the mortgage. There, as here, the covenants in the mortgage were stated in the *disjunctive,* and default in one—failure to keep the covenant respecting insurance—was sufficient under the plain stipulations of the mortgage.

By the terms of the mortgage instrument the mortgagors agreed to keep the premises insured for the benefit of the mortgagee. Even though the mortgagee is entitled, by the terms of the mortgage, to charge the amount of the insurance premiums to the mortgagors and charge penalty interest thereon, this does not preclude the mortgagee from *electing* to declare the entire debt due and begin proceedings to foreclose the mortgage.

The appellants' argument, that payment of insurance premiums by the mortgagee bars foreclosure, is answered in the case of *Insurance Co. v. Puckett,* 97 Kan. 428, 155 Pac. 930. There the mortgagors defaulted in the payment of taxes. The taxes were paid by the mortgagee and a foreclosure action was instituted for breach of the condition to pay taxes. In the opinion the court said:

". . . The stipulation that the default in paying the taxes would accelerate the maturity of the debt and give a right to foreclose is not alternative to or inconsistent with the provisions permitting the morgagee to protect his security by the payment of overdue taxes. Nothing in the stipulations of the mortgage indicates that the exercise of one option by the mortgagee shall preclude the exercise of the other. *The right to foreclose for nonpayment of taxes does not depend on the condition that the taxes remain due and unpaid, but it is dependent on the contingency that the mortgagors fail to pay them in accordance with their agreement. . . .*" (p. 430.) (Emphasis added.)

Upon the foregoing authority there is no question but that the mortgagee here could foreclose the mortgage upon a breach of the covenant of the mortgagors to keep the premises insured, and the mortgagee is not barred from that right by the payment of insurance premiums which become an additional lien under the mortgage.

The appellants argue the most that can be said for the allegations in the petition are that some agent of an insurance carrier advised the appellee that certain policies would be canceled at noon on a certain date unless certain premiums were paid. This, it is argued, is not an allegation that "insurance was not kept up" on the property, but it is not even an allegation that the designated policies would be

inoperative after that date. They argue the allegations, rather than showing no insurance, show definitely that there was insurance at all times effective. The appellants further argue, insofar as the allegations of the petition are concerned, they might have had sufficient insurance on the properties to meet the requirements of the mortgage without the designated policies, even if such policies had been canceled.

The petition in the instant case expressly alleges a breach of the covenant in the mortgage requiring the mortgagors to keep the premises insured. The petition expressly alleges that the mortgagors failed and neglected to pay the premiums when due—that the installment premiums on the described premises were *in default*.

The appellee is entitled to a liberal construction of the petition on demurrer as heretofore stated. It is entitled to the reasonable inference that these policies were initially taken out by the mortgagors in order to comply with the conditions of the mortgage, and that if they were canceled for nonpayment of premiums there would be no coverage on these premises. If the premiums alleged in the petition were not paid on the three mortgaged premises and these policies lapsed, a fire could easily destroy the buildings which are security for the debt. The mortgagors are not charged in the petition with failure to take out insurance on the premises, but with failure to keep it up by the payment of insurance premiums.

The petition, liberally construed, entitles the appellee to the reasonable inference that the insurance company had complied with the law and the policies in giving the notice to the appellee referred to in the petition, and that the mortgagee waited until the last day of the grace period before paying the premiums "in order to avoid cancellation of such insurance."

We think the appellants' contention that the mortgagee was obligated to allow the actual cancellation of the insurance, thus jeopardizing its security, before it could insure the premises and declare the debt due by reason of the default of the mortgagors is untenable. We therefore hold the petition states a cause of action. The right to declare the note due and foreclose the mortgage for failure of the mortgagors (appellants) to keep the premises insured is not dependent upon the premises being uninsured, but is dependent upon failure to keep the insurance up in accordance with their agreement. This can be accomplished only by the payment of insurance premiums when due, which is the obligation of the mortgagors.

The judgment of the lower court is affirmed.