No. 42,626

MICHAEL J. BRITTAIN, a minor, by and through DONALD J. BRITTAIN and ANNETTE M. BRITTAIN, father and mother, natural guardians, and next friends of said minor, *Appellee*, v. GEORGE T. CUBBON, *Appellant*.

(378 P. 2d 141)

Opinion filed January 26, 1963.

*Gerald L. Michaud* and *Russell Cranmer*, both of Wichita, were on the brief for the appellant.

*John Madden* and *John Madden, III*, both of Wichita, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a negligence action based upon the doctrine of attractive nuisance. It is brought on behalf of a ten-year-old child to recover for injuries received on the defendant's premises when the child stepped on a nail and was allegedly injured. The

trial court overruled a demurrer to the amended petition, and appeal has been duly perfected from such ruling.

The only question presented is whether the pleading states a cause of action under the attractive nuisance doctrine.

The amended petition alleged that the plaintiff, Michael J. Brittain, is a minor, and at the time of the injuries complained of was ten years of age, and that the cause of action is made for and on his behalf by his father and mother. It is alleged that the defendant is a realtor by occupation and trade and the owner of certain lots, which were described, in the city of Wichita.

Insofar as pertinent to this appeal the amended petition alleged:

"3. . . . that in the Spring of 1958, the Defendant, through his agents, servants and employees, started the demolition, destruction and razing of the residence then existing upon the above-mentioned and described real estate; that in so demolishing, razing and destructing said residence thereon, the Defendant, by and through his agents, servants, and employees, left an abandoned excavation, and much debris, including remnants, parts of the demolished foundation, cement blocks, mortar, bricks, glass, nails and stacks of used lumber and planks, all of which were rotten and infected, and which had rusty nails protruding therefrom, and were exceedingly dangerous, when left unguarded by a proper fence enclosure, or unguarded and unprotected by other enclosure. Further the Defendant, then and there negligently permitted to remain the unguarded and unprotected dangerous conditions, without taking any reasonable precautions to guard against the accident liable to ensue thereon.

"4. That the abandoned excavation where the demolished residence and foundation had been situated, was attractive, alluring and inviting, and of such a nature as to invite the intrusion of children, following their natural instincts of curiosity, and as a place to play; that the debris and demolished used materials were so placed and disposed, scattered and piled so as to be readily visible to children from the immediate adjacent lots, homes and public streets, in said area; that said area was densely populated, and was frequented by children; that the dangerous existing conditions thereby created an extremely, alluring, attractive and inviting situation to children of tender years, and all of which conditions did invite, allure and attract said children of tender years from the streets, lots and surrounding homes, as a place to play.

"5. That on and prior to said date of November 1st, 1959, other children of tender years were allured, invited and attracted, and did come on said premises to play, in and about said abandoned excavation, and on said piles of debris and materials, and at frequent times, other children, within the surrounding area, received injuries by reason of the existing dangerous conditions left and maintained by said Defendant.

"6. That for several months prior to the date the Plaintiff minor child sustained injuries, as hereinafter mentioned, the Defendant knew of the existence of said dangerous conditions, and knew of the fact that children of tender years were being invited, allured and attracted to said premises, to play, and more specifically said Plaintiff child, and in the exercise of ordinary care did

know, or should have known of such conditions and circumstances in time, in the exercise of due caution, to have remedied and corrected the dangerous existing conditions mentioned, or to have taken reasonable precaution to protect said Plaintiff child, and other children from injuries on said premises, prior to the said injury complained of herein, by fencing, guarding or patroling said premises, by proper enclosures, or by erecting proper warning signs.

"7. That at and prior to the time of the accident hereinafter complained of, Plaintiff minor child of the age of ten years, was in the exercise of ordinary care for his own safety, for one of his age, experience, intelligence, capacity and discretion, was a strong, healthy, and able bodied child, having every reason to anticipate and expect to have a fine, healthy, happy and useful life.

"8. That on or about the 1st day of November, A. D., 1959, said Plaintiff child saw said alluring and attractive conditions on said premises, and being attracted, went on said premises to play, and while playing in and around said premises, which was in the process of being torn down, said Plaintiff minor child stepped upon a remnant part of a plank or board which had rusty nails protruding therefrom and which were unnoticeable, due to the other scattered debris that was strewed and laying about, and a nail pierced through said minor child's shoe, and through the arch and instep of his foot inflicting serious painful and permanent injuries to said child."

The amended petition then alleged that the plaintiff developed tetanus or lockjaw and suffered painful and permanent injuries and damages, which were alleged to be the direct and proximate result of the acts of commission and omission, and the negligence of the defendant.

On demurrer to a petition the plaintiff is entitled not only to the benefit of facts well pleaded, which must be taken as true, but to all reasonable inferences that may be derived therefrom. (*Galleher v. City of Wichita,* 179 Kan. 513, 296 P. 2d 1962; *Cassity v. Brady,* 182 Kan. 381, 321 P. 2d 171; and *Farmers & Merchants Bank v. Copple,* 190 Kan. 170, 373 P. 2d 219, and cases cited therein.)

In cases of this type the court is not concerned with what the proof may show, but whether the allegations of the petition are sufficient to withstand an attack by a demurrer.

The appellant contends the amended petition has graphically portrayed the patently and obviously dangerous character of the premises, and has clearly negated one of the essential elements of the doctrine of "attractive nuisance" on which the petition is based, *i. e.,* that the danger of the condition or instrumentality producing the injury sustained must be latent or hidden before the doctrine may be involved.

It has been said the owner of a thing dangerous and attractive to children is not always and universally liable for an injury to a

child tempted by the attraction. His liability bears a relation to the character of the thing, whether natural and common, or artificial and uncommon; to the comparative ease or difficulty of preventing the danger without destroying or impairing the usefulness of the thing, and, in short, to the reasonableness and propriety of his own conduct, in view of all surrounding circumstances and conditions. As to common dangers existing in the order of nature, it is the duty of parents to guard and warn their children, and, failing to do so, they should not expect to hold others responsible for their own want of care. But, with respect to dangers specially created by the act of the owner, novel in character, attractive and dangerous to children, easily guarded and rendered safe, the rule is, as it ought to be, different. (See *Tavis v. Kansas City,* 89 Kan. 547, 553, 132 Pac. 185.)

The above rule was approved by reference in *Gilliland v. City of Topeka,* 124 Kan. 726, 262 Pac. 493, and quoted in *Zager v. Railroad Co.,* 113 Kan. 240, 214 Pac. 107; *Smith v. United Power & Light Corp.,* 142 Kan. 723, 51 P. 2d 976; and *Galleher v. City of Wichita,* supra.

Following prior decisions in the *Galleher* case it was held:

"The attractive nuisance doctrine prevailing in this jurisdiction is based upon the negligence of the proprietor who fails to protect young children attracted to his premises by some dangerous thing or place artificially created, and where he should have anticipated that the children would be lured into the danger." (Syl. ¶ 3.)

An exhaustive review of attractive nuisance cases has been undertaken in the recent decisions of *Galleher v. City of Wichita,* supra; and *Shank v. Peabody Cooperative Equity Exchange,* 186 Kan. 648, 352 P. 2d 41, where the rules are stated and their application to various factual situations presented. Further discussion will proceed on the assumption that the reader is familiar with these opinions.

It is to be observed that not all artificial conditions in which danger lurks fall within the attractive nuisance doctrine under the classification of *novel dangers* specially created by act of an owner. Thus, the drowning of a six-year-old boy in an unguarded concrete swimming pool (*Gilliland v. City of Topeka,* supra), and the drowning of two boys in an unfenced and unguarded artificial pool of water held back by a culvert across a creek (*Tavis v. Kansas City,* supra), while attractive to boys were held not to come within the attractive nuisance doctrine.

In *Brennan v. Kaw Construction Co.*, 176 Kan. 465, 271 P. 2d 253, the pleadings and the plaintiff's evidence disclosed that the defendant permitted an escalator-type elevator to remain in place against a wall of a building under construction over the weekend. The elevator was unguarded and permitted easy access to the roof of the building. It could have been easily lowered to the ground but was left elevated for the convenience of the workmen. The plaintiff, a two-year-old baby, climbed or crawled up the elevator to the roof of the building and fell to the ground. Action was brought on the theory of "attractive nuisance." At the close of the plaintiff's evidence a demurrer was sustained and on appeal this court affirmed, saying:

"The machine, which was the subject of this action, was one in common use where building operations are being carried on. There was nothing novel about its presence on the lot in question except the fact of its being on that particular lot at that particular week end. *Actually the rule as to liability in cases of this kind is whether the danger is latent or patent*, that is, stated in another way—*Was there some hidden danger connected with the presence of this elevator with one end on the ground and the other on the roof of the house? . . .*" (p. 469.) (Emphasis added.)

What the law considers to be a concealed or latent danger is not confined to things hidden from the eye alone. It extends to things hidden from the appreciation of the persons injured, hidden from the combination of eyesight and knowledge—hidden knowledge of the properties of the things which the eyesight observes. It may thus be said a *concealed danger* extends to things hidden from appreciation of persons injured, as well as to things hidden from the eye. *(Montgomery Ward & Co. v. Ramirez* [Tex. Civ. App.], 127 S. W. 2d 1034.)

The appellant contends debris from a razed residential building does not constitute an unusual and attractive nuisance as a matter of law. In support of this proposition he relies upon *Brennan v. Kaw Construction Co.*, supra; *Moseley v. City of Kansas City*, 170 Kan. 585, 228 P. 2d 699; *McGaughey v. Haines*, 189 Kan. 453, 370 P. 2d 120; and *Pennington v. Oil & Gas Co.*, 106 Kan. 569, 189 Pac. 137.

The theory of the appellee in this case is that the condition described in the amended petition was an attractive and alluring thing to a child of the plaintiff's age, which had been allowed to exist for a long period of time, due to the appellant's negligence, such condition causing the child to go upon said premises to satisfy his

childish desires to play among interesting objects. Once on the premises, how the injury occurred is not important as long as the danger was not an obvious or a patent danger.

Restatement, Torts, Negligence, § 339, deals with "Artificial Conditions Highly Dangerous to Trespassing Children" in the following manner:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

"(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

"(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

"(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

An excellent summary of the law concerning the doctrine of attractive nuisance is found in 38 Am. Jur., Negligence, § 142, pp. 802-804, which reads as follows:

". . . While the doctrine has been variously stated, courts which accept it generally are in substantial accord with the proposition that one who maintains upon his premises a condition, instrumentality, machine, or other agency which is dangerous to children of tender years by reason of their inability to appreciate the peril therein, and which may reasonably be expected to attract children of tender years to the premises, is under a duty to exercise reasonable care to protect them against the dangers of the attraction. Within the limitations hereinafter considered, the doctrine is for the benefit of a meddling, as well as of a trespassing, child. The result of such doctrine is that one is negligent in maintaining an agency which he knows, or reasonably should know, to be dangerous to children of tender years, at a place where he knows, or reasonably should know, children of tender years are likely to resort, or to which they are likely to be attracted by the agency, unless he exercises ordinary care for the protection of such indiscreet and youthful persons."

It may be said the attractive nuisance doctrine applies only to property, conditions, appliances or instrumentalities which are *per se* of a dangerous character with respect to children of tender age, or are of such character that children of tender age can create danger to themselves out of them, so that they are likely to cause injury to children who are attracted to them. (65 C. J. S., Negligence, § 29 [3], p. 460.)

The amended petition alleges in substance that the plaintiff saw the alluring and attractive conditions on the premises of the appellant, and being attracted went onto said premises to play, and while playing in and around said premises which were in the process of being torn down, he stepped upon a remnant part of a plank or board which had rusty nails protruding therefrom, and which were unnoticeable due to the other scattered debris that was lying about, and a nail pierced through his shoe.

Giving the amended petition a liberal construction, the majority of the members of this court are of the opinion that the demolished residential building with the scattered debris lying about was in itself dangerous to children of tender years, and that the nails, left for many months protruding from the lumber, and covered by other debris, constituted it a thing of danger *per se;* and further that such danger was hidden from the appreciation of children of tender years, thus constituting a concealed or latent danger.

The judgment of the lower court is affirmed.

SCHROEDER, J., dissenting: In my opinion the danger which exists in connection with the scattered debris of a razed residential building is as obvious to children of tender years as is the danger from drowning in a pool of water or falling from a building or cliff. (*Gilliland v. City of Topeka,* 124 Kan. 726, 262 Pac. 493; *Tavis v. Kansas City,* 89 Kan. 547, 132 Pac. 185; *Zager v. Railroad Co.,* 113 Kan. 240, 214 Pac. 107; and *Brennan v. Kaw Construction Co.,* 176 Kan. 465, 271 P. 2d 253.)

In the *Brennan* case, supra, this court quoted with approval 38 Am. Jur., Negligence, § 151, p. 818, as follows:

" 'The character of the danger, as open and obvious, or hidden and latent, is an important consideration. The doctrine of attractive nuisance, it has been said, is limited in its application to cases where the danger is latent, and affords no basis for a recovery where the injury complained of was produced by a peril of an obvious or patent character. A danger which is not only obvious but natural, considering the instrumentality from which it arises, is not within the meaning of the attractive nuisance doctrine, for the reason that an owner or occupant is entitled to assume that the parents or guardians of a child will have warned him to avoid such a peril.' " (pp. 469, 470.)

Nowhere in the amended petition is it alleged that the condition created on the appellant's premises was novel in character. There is nothing unusual about debris at the site of a demolished building.

In *Moseley v. City of Kansas City,* 170 Kan. 585, 228 P. 2d 699, it was said:

"It is not everything which may attract a child that can be regarded as an attractive nuisance, for there is no limit to the class of objects which may be attractive to a normal child even though he be less than ten years of age (45 C. J., p. 765.) To hold otherwise would place an unreasonable burden upon the owner of almost every kind of property capable of causing personal injury under any circumstances. The condition or appliance must be something unusual and which is of a nature rendering it peculiarly or unusually attractive or alluring to children. . . ." (p. 591.)

In my opinion the condition created by the demolished building, as alleged in the amended petition, does not constitute an unusual and attractive nuisance as a matter of law. It is respectfully submitted the decisions upon which the appellant relies should be controlling of this decision and the lower court reversed.

PARKER, C. J., and PRICE, J., join in the foregoing dissent.