No. 48,241

ROLF GERCHBERG, by His Father and Next Friend, Ralph Gerch-
berg, *Appellant,* v. RODNEY LONEY, a Minor, ROY LONEY, MRS.
ROY LONEY, and CHARLES LONEY, *Appellees.*

(576 P.2d 593)

Opinion filed February 25, 1978.

*John W. Lungstrum,* of Stevens, Brand & Lungstrum, of Lawrence, argued the
cause and was on the brief for the appellant.

*J. H. Eschmann,* of Ascough, Bausch & Eschmann, of Topeka, argued the cause
and was on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: Rolf Gerchberg, a five-year-old boy, received burn
injuries while playing on the premises of the neighbors, Mr. and
Mrs. Roy Loney. At the close of plaintiff's evidence the district
court directed a verdict in favor of defendants. The Court of
Appeals reversed the judgment and remanded the case for trial on
the theory of attractive nuisance. See *Gerchberg v. Loney,* 1 Kan.
App. 2d 84, 562 P.2d 464.

The plaintiff-appellant urged the Court of Appeals to discard
the traditional classification of trespassers, licensees and invitees,
and to abolish the distinctions in our law as to the duty of care
owed to each class. In place thereof he urged the court to adopt
one duty of care owed to all who are on the premises of another,
*i.e.,* a duty of reasonable care under all facts and circumstances of
the case. The Court of Appeals declined to do so and plaintiff-
appellant sought review in this court.

The Court of Appeals determined that the evidence of plaintiff
made a submissible case on the theory of attractive nuisance. The
defendants-appellees sought review in this court on the attractive
nuisance question.

This area of premises law is one in which the opinions of the justices have and continue to differ. See *Brittain v. Cubbon*, 190 Kan. 641, 647, 378 P.2d 141, and *Frazee v. St. Louis-San Francisco Rly. Co.*, 219 Kan. 661, 667, 549 P.2d 561. The petitions for review were granted and the case has been heard in this court on the record, briefs, supplemental briefs, and with oral arguments as provided in Rule No. 8.03, Rules of the Supreme Court (220 Kan. xlvi).

After careful consideration of the case a majority of the members of this court approve the disposition of the case by the Court of Appeals and approve the opinion as written for the majority. We need not set forth herein our re-examination of the evidence or apply the law to those facts. Suffice it to say, the plaintiff Rolf Gerchberg, a five-year-old boy, received serious burns when he returned to an unattended smoldering fire in a barrel used by the defendants as an incinerator. Rodney Loney, the ten-year-old neighbor boy, had previously been directed to burn papers and had started the fire. Rolf was with him and saw Rodney place a stack of papers near the incinerator and start the fire. After a short while both boys left the premises. The fire had not been extinguished and was still smoldering on the Loney premises when Rolf returned to the barrel. He began putting the papers into the barrel. The fire blazed and his clothing caught on fire. Serious injuries resulted.

We feel the evidence introduced in the trial court made a submissible case on the theory of attractive nuisance. (*Carter v. Skelly Oil Co.*, 191 Kan. 474, 382 P.2d 277.) A possessor of land is subject to liability for bodily harm to children intruding thereon *caused by some condition that he maintains on the premises if:*

(1)  the possessor knows, or in the exercise of ordinary care should know, that young children are likely to trespass upon the premises, and

(2)  the possessor knows, or in the exercise of ordinary care should know, that the condition exists and that it involves an unreasonable risk of bodily harm to young children, and

(3)  the children because of their youth either do not discover the condition or understand the danger involved in coming into the dangerous area, and

(4)  one using ordinary care would not have maintained the

condition when taking into consideration the usefulness of the condition and whether or not the expense or inconvenience to the defendant in remedying the condition would be slight in comparison to the risk of harm to children.

The foregoing rules governing the liability of the possessor of premises in cases where a submissible case has been made under the theory of attractive nuisance have been adopted by this court and generally follow the Restatement of the Law, Second, Torts, § 339, p. 205. See *Brittain v. Cubbon,* supra.

Now let us turn our attention to plaintiff's argument that the traditional classification of trespassers, licensees and invitees should be discarded, and that the distinctions in our law covering the duty of care owed to each class be abandoned in favor of a single standard of reasonable care under the circumstances. Plaintiff contends there is no logical reason for protecting the possessor of premises by requiring his negligence to be wilful, wanton, or in reckless disregard for the safety of the trespasser or licensee before it is actionable.

Under the present law of Kansas a trespasser is one who enters on the premises of another without any right, lawful authority, or an express or implied invitation or license. The possessor of premises on which a trespasser intrudes owes a trespasser the duty to refrain from wilfully, wantonly, or recklessly injuring him. (*Frazee v. St. Louis-San Francisco Rly. Co.,* supra. See also PIK 2d [Civil] 12.20 and 12.21.)

A licensee is one who enters or remains on the premises of another by virtue of either the express or implied consent of the possessor of the premises, or by operation of law, so that he is not a trespasser thereon. The possessor of premises on which a licensee intrudes owes a licensee the duty to refrain from wilfully or wantonly injuring him. (*Graham v. Loper Electric Co.,* 192 Kan. 558, 561, 389 P.2d 750; *Weil v. Smith,* 205 Kan. 339, 469 P.2d 428. See also PIK 2d [Civil] 12.10 and 12.11.) The parties agree that Rolf Gerchberg was a licensee under the facts of this case.

Under the law in this jurisdiction a social guest has the status of a licensee and his host owes him only the duty to refrain from wilfully, intentionally, or recklessly injuring him. (*Ralls v. Caliendo,* 198 Kan. 84, Syl.¶ 1, 422 P.2d 862; *Duckers v. Lynch,* 204 Kan. 649, 465 P.2d 945.)

An invitee is one who enters or remains on the premises of another at the express or implied invitation of the possessor of the premises for the benefit of the inviter, or for the mutual benefit and advantage of both inviter and invitee. The possessor of premises on which an invitee enters owes a higher degree of care, that of reasonable or ordinary care for the invitee's safety. This duty is active and positive. It includes a duty to protect and warn an invitee against any danger that may be reasonably anticipated. (*Weil v. Smith,* supra, Syl.¶ 3; *Graham v. Loper Electric Co.,* supra, p. 563. See also PIK 2d [Civil] 12.01 and 12.02.)

Under the law in this and other jurisdictions a child may be presumed conclusively incapable of contributory negligence. (*Williams v. Davis,* 188 Kan. 385, 390, 362 P.2d 641.) Children are not held to the same strict accountability to appreciate a danger and to care for themselves as persons of full age. (*Weber v. Wilson,* 187 Kan. 214, 220, 356 P.2d 659.) Therefore the attractive nuisance exception has been recognized to accommodate for a child's incapacity to understand and appreciate the possible dangers to which he may be attracted. The exception is not new in Kansas and was recognized as early as 1878 in the case of *K. C. Rly. Co. v. Fitzsimmons,* 22 Kan. 686, 31 A.R. 203.

The traditional classification of trespassers, licensees and invitees and the distinctions as to the duty of care owed to each came to this country with the common law and has been applied generally in this country. This system of classification which began in England was first discarded by that country in 1957 by way of a statute which imposed the same duty of care to licensees and invitees. The statute declared that the possessor of premises owes the same "common duty of care" to both, with reasonable care modified according to the circumstances of the entry. (Occupiers' Liability Act, 5 & 6 Eliz. 2, c. 31. Discussed in Prosser, Law of Torts, 4th Ed., Ch. 10, § 62, p. 398.)

In considering the question of whether this state should discard all classifications and distinctions two things should be noted concerning the change in England. First, the change to a common duty of reasonable care did not extend to trespassers and second, the use of a jury in negligence actions had virtually disappeared in England and these actions were being tried to the court.

In the nine or ten states in this country which have discarded

the traditional classifications it was concluded that their courts were confused by the classifications and would be better able to instruct their juries in premises cases if the standard of reasonable care were required under all circumstances. It was generally agreed in those states that a jury should determine the circumstances which would relieve a possessor of premises from liability to a trespasser, an invitee and a licensee. We doubt the validity of those conclusions. It should be kept in mind that in England negligence cases are tried to the court without a jury. This is not so in the United States.

It has been argued that additional instructions to the jury to the effect that it should consider the foreseeability of plaintiff's presence on the premises, the foreseeability of possible harm, the likelihood that others would not appreciate or be aware of the danger, and the extent of the burden on the possessor to remove the danger or notify of the risk would sufficiently protect the possessor of the premises. These general admonitions to a lay jury may or may not suffice.

If the traditional classifications are discarded the legal distinctions which have heretofore governed the courts in imposing a particular standard of care are also discarded. In such case the standard, reasonable care under all the circumstances, would have to be applied by the jury to the specific facts of each case. Can a lay jury reasonably be expected to consider the proper relative effect of natural and artificial conditions on the premises which are or may be dangerous, the degree of danger inherent in such conditions, the extent of the burden which should be placed on the possessor of premises to alleviate the danger, the nature, use and location of the condition or force involved, the foreseeability of the presence of the plaintiff on the premises, the obviousness of such dangerous condition or the plaintiff's actual knowledge of the condition or force which resulted in injury? It would appear these considerations should be imparted to the jury if it is to be placed in a position to decide whether reasonable care was exercised by the possessor of the premises. Otherwise the jury will have a free hand to impose or withhold liability.

A majority of the members of this court do not feel that the traditional classifications of trespassers, licensees and invitees should be jettisoned. The traditional classifications were worked out and the exceptions were spelled out with much thought,

sweat and even tears by generations of Kansas legal scholars who have gone before us. Should this body of law be discarded completely in favor of a free hand by a lay jury? We feel at this time there is too much of value in our premises law with respect to rights of possessors of premises to warrant its abandonment.

It should be noted that the adoption of one standard of care not only will have the effect of lowering the standard of care owed to trespassers and licensees but also would lower the standard of care presently owed to invitees. Under our present law the duty owed to an invitee is active and positive. It includes a duty to protect and warn an invitee against any danger that may be reasonably anticipated. Not only does it extend to dangerous conditions known to the possessor but also to dangerous conditions discoverable in the exercise of a duty to inspect and keep the premises free of unreasonable risk of harm.

It has been suggested that the jury need not be left without guidance even though the traditional classifications are discarded. It is further suggested that after a jury is advised of the single standard of care the court can further instruct the jury by setting out the applicable rules found in the Restatement of the Law, Second, Torts, §§ 333 through 343B. The Restatement classifies these rules as follows: Title B. Liability of Possessors of Land to Trespassers; Title C. General Liability of Possessors of Land to Licensees and Invitees; Title D. Special Liability of Possessors of Land to Licensees; and Title E. Special Liability of Possessors of Land to Invitees. If such a suggestion is followed in advising the jury what if anything is gained by discarding the traditional rules? The traditional classifications (trespassers, licensees and invitees) are still to be considered by the court. If, as the appellant suggests, the traditional classifications are confusing, unreasonable and arbitrary any change which embraces the Restatement rules will be subject to similar charges. In such case we would be merely changing the extent of the duty owed by a possessor of premises. The extent of that duty would still be dictated by the circumstances surrounding entry on the premises, the danger involved and the burden to be placed on the possessor to make the premises reasonably safe. The traditional classifications would remain but the traditional rules worked out over so many years would be discarded and new rules governing a possessor's liability would have to be relearned.

A majority of this court feel if the mores and values of present society dictate changes such changes should be worked out individually as the circumstances of a particular case may warrant. Such changes will result in less general confusion and better understanding of each particular change.

Plaintiff-appellant calls our attention to the issues raised in four points which he presented to the Court of Appeals but which were not addressed in its opinion. We will address these points briefly. He argues that the traditional classifications must be abandoned because they deny licensees and trespassers injured by the negligence of the possessor of premises equal protection of the law under the 14th Amendment to the United States Constitution and §§ 1 and 2 of the Kansas Bill of Rights. In support he cites *Henry v. Bauder,* 213 Kan. 751, 518 P.2d 362, in which this court examined the former provisions of K.S.A. 8-122b, the guest statute, and declared the separate classification of guests riding in automobiles arbitrary and discriminatory and without rational basis. Liability to an automobile guest under this statute depended on whether a person was a paying or nonpaying passenger. The case is not in point. No statute is involved in our present case and the classifications with which we are now dealing arose from the common law. They have a rational basis which has been recognized for hundreds of years and have served the courts of this country by providing a basis for instructing juries on the duty of care owed by the possessor to those coming upon his premises. Appellant is hardly in a position to complain in this case of a denial of his constitutional rights since we hold he is justified in presenting his case to a jury on the theory of attractive nuisance.

Appellant next argues that the case should be presented to the jury on the dangerous instrumentality theory, another exception to the status classification which has been recognized in Kansas. (See *Wroth v. McKinney,* 190 Kan. 127, 373 P.2d 216.) In *Wroth,* a loaded revolver left in plain view and easily accessible to a four-year-old boy was held to be a dangerous agency or instrumentality. It was noted the theory had been applied previously to dangerous explosives such as dynamite. Again the appellant can hardly complain that we do not view the unattended smoldering fire in the incinerator and the nearby papers as a dangerous instrumentality. We view it as a possible attractive nuisance and as such his case goes to a jury. The distinction between the two

theories is nebulous at best and the terms have been used interchangeably in certain circumstances where children are involved. (62 Am. Jur. 2d, Premises Liability, § 137, p. 405.)

Appellant further argues that the evidence established a cause of action based on active negligence as distinguished from passive negligence. In support thereof he points to what was said in *Morris v. Atchison, T. & S. F. Rly. Co.,* 198 Kan. 147, 422 P.2d 920. At page 160 of that opinion the argument of active negligence was made and rejected. The court did not embrace the theory proposed. It merely pointed out such a theory could not apply in the case because the presence of the licensee was neither known nor reasonably could have been known when the alleged acts of negligence occurred. There is at least one other case where an active negligence theory was mentioned. See *Montague v. Burgerhoff,* 150 Kan. 217, 92 P.2d 98. However, these two cases merely speak of wilful and wanton acts as active negligence which injure a person whose presence is known. In spite of what was said in the dissent in *Lemon v. Busey,* 204 Kan. 119, 128, 461 P.2d 145, this court has not adopted active negligence as an exception to the traditional classifications recognized in premises law. The term has been used only when wanton or wilful negligence may have been present. The argument of appellant is without merit.

The appellant contends that Mrs. Loney, the mother of Rodney, owed plaintiff an independent duty to assist the plaintiff when she discovered his plight, and having failed to do so she failed to exercise reasonable care to prevent further harm.

Under plaintiff's evidence Mrs. Loney, an elderly lady, had lost one eye and the vision in her remaining eye was extremely limited. When she was called to her backdoor she saw the fire in her backyard and proceeded to extinguish the flames. However, there was no evidence she saw that the young boy's clothes were burning. Mr. Williams, a neighbor, arrived in the Loney backyard and removed the burning trousers from the boy at about the same time. The boy's mother and Mr. Williams carried the boy home. Mrs. Loney was in the backyard at that time and nothing was said to indicate Mrs. Loney had been aware of the boy's condition.

In Prosser, Law of Torts, 4th Ed., Ch. 9, § 56, pp. 342-343, it is said:

"It also is recognized that if the defendant's own negligence has been respon-

sible for the plaintiff's situation, a relation has arisen which imposes a duty to make a reasonable effort to give assistance, and avoid any further harm. Where the original danger is created by innocent conduct, involving no fault on the part of the defendant, *it was formerly the rule that no such duty arose;* but this appears to have given way, in recent decisions, to a recognition of the duty to take action, both where the prior innocent conduct has created an unreasonable risk of harm to the plaintiff, and where it has already injured him. . . .

"*Where the duty is recognized,* it is agreed that it calls for nothing more than reasonable care under the circumstances. The defendant is not liable when he neither knows nor should know of the unreasonable risk, or of the illness or injury. . . ." (Emphasis supplied.)

Under the allegations of the petition and evidence introduced by plaintiff such a cause of action is not supported. Assuming for the purposes of argument that the rule should be adopted in Kansas, the rule would not be applicable in the present case.

In conclusion we wish to acknowledge what has been referred to as a trend in this country toward abolition of the traditional classifications. Apparently the bellwether case in the United States was handed down in 1968, *Rowland v. Christian,* 69 Cal. 2d 108, 70 Cal. Rptr. 97, 443 P.2d 561. Our research indicates that in the ten years which have elapsed since *Rowland* only nine states have followed the lead. During this same period of time several states have elevated licensees to a common class with invitees, and five states have placed social guests in the category of invitees. During this same period of time a large majority of states have continued to follow the traditional common law classifications. At least six states have considered the advisability of following *Rowland v. Christian,* supra, and have declined to do so. The jurisdictions which have abolished all classifications are not sufficient in number to constitute a clear trend.

In the present case the plaintiff's evidence was sufficient to require submitting the case to a jury on the theory of attractive nuisance and, even if a majority of this court were inclined to do so, this case is not a proper vehicle for discarding the traditional classifications. The case is one for the jury and we believe the members of the jury will be better informed as to the duty of the possessor of the premises toward this five-year-old plaintiff if it receives instructions on the law relating to an attractive nuisance as set forth in PIK 2d (Civil) 12.40.

Accordingly we approve the majority opinion of the Court of Appeals. The judgment of the District Court of Douglas County is reversed and the case is remanded for further proceedings.

PRAGER, J., dissenting: I respectfully dissent. Under the undisputed facts as shown in the record, the plaintiff has failed as a matter of law to establish that the defendants were negligent. In this case Mr. and Mrs. Roy Loney kept in their backyard a fifty-five gallon metal barrel which was used as an incinerator. The Loney property lies behind and across the alley from the Gerchberg home. On the day the young plaintiff was injured, Rodney Loney went to the incinerator and burned a box of papers. This action was observed by the plaintiff, Rolf Gerchberg, who was standing near the incinerator. Rolf then left with his mother to pick up a friend who was coming over to plaintiff's home to play. Rodney Loney completed his task of burning the papers. The material in the incinerator had burned down but was still smoking. There was no flame. The young plaintiff and his friend subsequently returned to the Gerchberg home. About thirty minutes later, plaintiff decided to go back to the Loney's incinerator after noticing smoke coming therefrom. Plaintiff looked into the barrel and, by standing on his toes, could see no flame. Plaintiff then picked up some papers and threw them in the incinerator as he had seen Rodney doing. This produced more smoke. The plaintiff then picked up some more papers from the box and dropped them in the incinerator. At this point the plaintiff for the first time saw flames coming out of the barrel. In some way, the grass in Loney's backyard and the plaintiff's trousers caught on fire and the plaintiff was burned.

In my judgment, under these factual circumstances, the Loneys cannot be held liable for failing to exercise due care under the circumstances. At the time Rolf Gerchberg approached the incinerator, there were no flames and the trash in the incinerator was only emitting smoke. A trash barrel incinerator may be found in the backyards of hundreds, probably thousands, of homes in the state of Kansas. I do not know what the majority would require the Loneys to have done under the factual circumstances shown here. Although young Rolf Gerchberg had been in the yard earlier observing the burning of the trash, it does not seem reasonable to me to require the Loneys to anticipate that the child would return, throw additional papers into the incinerator, and then, somehow, catch himself on fire. Furthermore, it seems to me that the Loneys could reasonably anticipate that the parents of young Rolf Gerchberg would take steps to see that he was kept

out of harm's way. Under the facts, I would reverse the Court of Appeals and affirm the trial court's judgment which found that the Loneys were not negligent or liable to plaintiff as a matter of law.

I am also in disagreement with the position of the majority that the traditional classifications of trespassers, licensees, and invitees should be maintained and that the degree of care owed to each classification by a land occupier should be controlled solely by the status of the injured person. A cardinal principle of tort law today is that *all persons* should be required to use ordinary care under the circumstances to prevent others from being injured as the result of their conduct. Although it is true that some exceptions have been made to this general principle, no such exception should be made unless clearly supported by some sound public policy. One of the areas where the English common law departed from this fundamental concept was in determining the liability of a possessor of land for injury to persons who have entered upon that land. The duties owed to persons in the three classifications are discussed fully in the majority opinion written by Mr. Justice Fromme.

As observed by the courts and by legal writers, the special privileges which the common-law rules accord to the land occupier sprang from the high place which lands have traditionally held in English and American thought and the dominance and prestige of the landowning class in England during the formative period of the common law. The common-law doctrine, as applied to invitees and licensees, has been repudiated in England where it originated. As noted by the majority opinion, this was accomplished by statute in 1957.

In today's society a man's life or limb does not become less worthy of protection by the law, nor a loss less worthy of compensation under the law, because he has come upon the land of another without permission or with permission but without a business purpose. Reasonable people do not ordinarily vary their conduct depending upon such matters, and to focus upon the status of the injured party as a trespasser, licensee, or invitee in order to determine the question whether the landowner has a duty of care, is contrary to our modern social mores and humanitarian values. The common-law rules obscure rather than illuminate the proper considerations which should govern determination of the question of duty.

This case involves the question of the duty owed by a land occupier to a *licensee.* It is not necessary that we determine here that the same standard of care should be applied to trespassers, invitees, and licensees. As to invitees and licensees, this court in this case should abolish the status classification system and establish a rule that the standard of a land occupier's duty to all persons who come upon the property *with his consent* is ordinary care under the circumstances. The jurisdiction first adopting this rule was California; *Rowland v. Christian,* 69 Cal. 2d 108, 70 Cal. Rptr. 97, 443 P.2d 561 (1968). Since that time the following states have followed the lead of California and adopted the standard of reasonable care under all of the circumstances in cases involving licensees: *Pickard v. City & County,* 51 Haw. 134, 452 P.2d 445 (1969); *Mile High Fence v. Radovich,* 175 Colo. 537, 489 P.2d 308 (1971); *Smith v. Arbaugh's Restaurant, Inc.,* 469 F.2d 97 (D.C. Cir. 1972); *Peterson v. Balach,* 294 Minn. 161, 199 N.W.2d 639 (1972); *Wood v. Camp,* 284 So. 2d 691 (Fla. 1973); *Mounsey v. Ellard,* 363 Mass. 693, 297 N.E.2d 43 (1973); *Mariorenzi v. Joseph DiPonte, Inc.,* 114 R.I. 294, 333 A.2d 127 (1975); *Antoniewicz v. Reszczynski,* 70 Wis. 2d 836, 236 N.W.2d 1 (1975); *Cates v. Beauregard Electric Cooperative, Inc.,* 328 So. 2d 367 (La. 1976); *Ouellette v. Blanchard,* 116 N.H. 552, 364 A.2d 631 (1976); *Basso v. Miller,* 40 N.Y.2d 233, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976); *Webb v. City and Borough of Sitka,* 561 P.2d 731 (Alaska 1977). For an excellent analysis and discussion of the present Kansas law see Stites: *Liability of a Land Occupier to Persons Injured on His Premises: A Survey and Criticism of Kansas Law,* 18 Kan. L. Rev. 161 (1969). I regret that the majority of the court have determined that this court should continue to apply the ancient common-law doctrine to licensees. In my opinion it is unjust and not suited to the society which exists in Kansas today.

MILLER, J., dissenting: I join in the dissent of Justice Prager. I would eliminate the distinction between licensees and invitees, and adopt reasonable care as the standard governing the duty of an occupier of land towards persons entering upon the land with consent. I would not abolish the trespasser classification, however, and would retain the present standard as to the duty owed to trespassers, *i.e.,* the duty to refrain from the infliction of willful, wanton, or reckless injury.

OWSLEY, J., concurring: Although I agree with the majority opinion that the issue of attractive nuisance should have been submitted to the jury under the facts of this case, I believe it advisable to more clearly define my position. The dissent inquires as to what the majority would have required the Loneys to have done under the circumstances shown here. I would reply that the fact trash barrel incinerators may be found in thousands of yards in the State of Kansas does not eliminate the responsibility of the owners of these incinerators to protect children attracted by them from injury. It occurs to me that the Loneys could have protected the injured child by seeing that the fire was out and could have removed the papers surrounding the incinerator to prevent them from being used by the child in the manner in which he had observed them being used. Each of these acts would only have created a small inconvenience on the part of the Loneys and either of the acts would likely have prevented the burning of the five-year-old boy. For these reasons I believe the majority opinion was correct in finding the question of attractive nuisance should remain with the jury.

Having so found it appears to me the issue of whether the child was an invitee, a licensee or a trespasser is not an issue in this litigation. Apparently the majority opinion and the dissent see fit to make it an issue. It is my thought that the challenge to the premises law in Kansas as it now stands should be left to a case where the decision has a bearing on the outcome of the litigation. Notwithstanding this position I express my dissatisfaction with the law. I am firmly convinced that the distinction between invitees and licensees should be eliminated. This court, in a proper case, should consider a change in the premises law in this state in a manner that would improve the administration of justice in litigation of this kind.